**James MULLINS, Jr., Petitioner,**

v.

**Stonney LANE, etc., Respondent.**

**No. CIV-2-79-98.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

June 19, 1979.

Jerry W. Laughlin, Greeneville, Tenn., for petitioner.

Jennifer Helton Small, Asst. Atty. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION AND ORDERS

NEESE, District Judge.

This is a *pro se* application for the federal writ of habeas corpus by the petitioner Mr. James Mullins, Jr. who is in the custody of the respondent-warden pursuant to the judgment of November 10, 1977 of the Criminal Court of Hamblen County, Tennessee. *Inter alia*[1] the applicant asserts as

---

1. The applicant claims also he is in such custody in violation of his federal right against cruel and unusual punishment, Constitution, Eighth Amendment; but it does not appear affirmatively from his application that he has presented this claim fairly to the courts of Tennessee.

The policy of federal-state comity, designed to give the state an initial opportunity to pass upon and correct alleged violations of its prisoner's federal rights, does not permit this Court to entertain federal claims which have not been fairly presented to the state courts. *Picard v.*

grounds for such writ that he is in such custody in violation of his federal right to the assistance of counsel, Constitution, Sixth Amendment,[2] and to due process of law, Constitution, Fifth[3] and Fourteenth[4] Amendments. 28 U.S.C. § 2254(a).

The applicant appears to claim that there is an absence of available corrective processes of the state of Tennessee to protect his rights as a prisoner. 28 U.S.C. § 2254(b). He claims that he fairly presented the foregoing questions in an application to the courts of Tennessee for the Tennessee writ of habeas corpus; that he was denied all relief therein; and that he was denied an appeal from such adverse decision of May 31, 1979 on the grounds that all issues presented in his second request for an appeal " * * * have either been previously determined or waived under the [p]rovisions of TCA [§] 40–3812 * * * " in *James Mullins, Jr. v. State of Tenn., et al.,* no. 79–CR–143 in the Criminal Court of Hamblen County, Tennessee. It was adjudicated by such Court that: "* * * No explanation is given for failure to include any new grounds for relief in the first [r]equest [for an appeal], and the grounds stated are all such that [sic] would have been known to [p]etitioner at that time. * * * " *Idem.*

The applicant claims that the judgment of his conviction was under an indictment or presentment charging him with the offenses of second-degree burglary, grand larceny, and receiving stolen property, and that, upon a jury verdict of his guilt of those offenses and a further finding of the jury, he was so considered for purposes of the Tennessee Habitual Criminal Act, T.C.A., title 40, ch. 28, and declared to be an habitual criminal, T.C.A. § 40–2801, and sentenced to imprisonment for life, T.C.A. § 40–2806. He claims that his punishment

was thus enhanced on the basis of evidence that he had been convicted previously of offenses allegedly committed while he was a juvenile; that such latter charges were transferred by the Juvenile Court of Hamblen County, Tennessee to be dealt with by the Criminal Court of Hamblen County, Tennessee *tunc pro* August 5, 1970 and *tunc pro* December 15, 1970; and that at neither such transfer hearing did he have, or waive his right to, the assistance of counsel. Because of such violation at those stages of the proceedings of his federal right to the assistance of counsel the applicant claims that the declaration of his status as an habitual criminal and the enhancement of the penalty of his crimes to life imprisonment is void.

 It is a violation of the Constitution, Sixth Amendment, to try a person for a felony in a state court unless he had a lawyer or had validly waived one. *Gideon v. Wainwright* (1963), 372 U.S. 335, 339–340, 83 S.Ct. 792, 793–794, 9 L.Ed.2d 799, 802 (headnote 1). The use against a person of a conviction obtained in violation of the Constitution, Sixth Amendment, to enhance the punishment for another offense is to require the accused to suffer anew from the deprivation of his right under the Constitution, Sixth Amendment. *Burgett v. Texas* (1967), 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319, 324–325[6].

 Under the Tennessee Juvenile Courts Act, T.C.A. title 37, ch. 2, the Juvenile Court of Hamblen County, Tennessee should have conformed with the provisions of T.C.A. § 37–226 in its hearings on the transfers of the charges against the applicant to the criminal court of competent jurisdiction. T.C.A. § 37–234(a)(2). In proceedings under T.C.A. title 37, ch. 2, the applicant has a right to counsel, T.C.A.

*Connor* (1971), 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438, 443[2].

2. "In all criminal prosecutions, the accused shall enjoy the right * * * to have the [a]ssistance of [counsel] for his defen[s]e." Constitution, Sixth Amendment.

3. "No person shall * * * be deprived of * * * liberty * * * without due process of law. * * * " Constitution, Fifth Amendment.

4. " * * * No * * * State [shall] deprive any person of * * * liberty * * * without due process of law. * * * " Constitution, Fourteenth Amendment.

§ 37–226. Under that Act, read in context of federal constitutional principles relating to due process and the assistance of counsel, a juvenile court is required to grant a juvenile the right to counsel in the proceedings involving the question whether such court should waive its exclusive jurisdiction over a juvenile as a minor and authorize the juvenile to be subjected to felony prosecutions. *Kent v. United States*[5] (1966), 383 U.S. 541, 562–563, 86 S.Ct. 1045, 1057–1058, 16 L.Ed.2d 84, 98[11] (relating to the District of Columbia Juvenile Court Act). The guarantees of the federal Bill of Rights, including, of course, the right to the assistance of counsel, which are fundamental safeguards of liberty immune from federal abridgement are equally protected against state invasion by the Constitution, Fourteenth Amendment, Due Process Clause, *Gideon v. Wainwright, supra*, 372 U.S. at 341, 83 S.Ct. at 794–795, 9 L.Ed.2d at 803; so that the standard of *Kent, supra*, is the standard of prosecutions by the state of Tennessee.

■ The statement of the clerk of the Juvenile Court of Hamblen County, Tennessee of January 16, 1979, exhibited with the applicant's petition, indicates that he did not have the assistance of counsel in either of the aforementioned transfer hearings in 1970. The respective orders of transfer are silent as to whether the applicant intentionally relinquished or abandoned his fully-known right to the assistance of counsel at either of those stages. *Johnson v. Zerbst* (1938), 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (headnote 2). " * * * Presuming waiver of counsel from a silent

record is impermissible. * * * " *Burgett v. Texas, supra*, 389 U.S. at 114–115, 88 S.Ct. at 262, 19 L.Ed.2d at 324[8].

■ If, therefore, the applicant were convicted as an habitual criminal under the Tennessee recidivist statute, *supra*, on evidence of prior convictions in which he had been denied at a critical stage his federal right to the assistance of counsel, his conviction as an habitual criminal and the enhancement of his punishment to life imprisonment was void. *Ibid.*, 389 U.S. at 114–116, 88 S.Ct. at 261–263, 19 L.Ed.2d at 324–325[6].

■ For those reasons, it does not appear plainly from the face of the applicant's petition and exhibits annexed to it that he is not entitled to relief in this Court. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. The respondent hereby is ORDERED to file an answer in accordance with the requirements of Rule 5, Rules Governing Section 2254 Cases in the United States District Courts, within 43[6] days herefrom. *Idem.* The respondent is DIRECTED also to expand the record to include all materials relevant to the determination of the merits of the petition of the applicant. Rule 7, Rules Governing Section 2254 Cases in the United States District Courts.

The applicant, seeking relief herein under 28 U.S.C. § 2254 and having been declared unable financially to obtain representation, the Court hereby DETERMINES that the interests of justice require that the applicant be furnished representation pursuant

---

**5.** Former Mr. Justice Fortas explained subsequently: " * * * In *Kent v. United States*, supra * * * [w]ith respect to the waiver by the Juvenile Court to the adult court of jurisdiction over an offense committed by a youth, we said that 'there is no place in our system of law for reaching a result of such tremendous consequences without ceremony—* * * without effective assistance of counsel * * *.' We announced with respect to such waiver proceedings that while 'We do not mean . . . to indicate that the hearing to be held must conform with all of the requirements of a criminal trial or even of the usual administrative

hearing; but we do hold that the hearing must measure up to the essentials of due process and fair treatment.' * * * [T]he assistance of counsel is essential for purposes of waiver proceedings * * * [footnote references omitted]." *Re Gault* (1967), 387 U.S. 1, 30–31, 36, 87 S.Ct. 1428, 1445, 1448, 18 L.Ed.2d 527, 547–548[11], 551.

**6.** The noticed slow movement of the mails constitutes good cause for the additional time allowed. 28 U.S.C. § 2243; Rule 81(a)(2), Federal Rules of Civil Procedure.

to the current Plan of this Court under the Criminal Justice Act. 18 U.S.C. § 3006A(g). Curtis B. Stuckey, Esq., Stuckey & Willett, attorneys, 104–A North College Street, Greeneville, Tn. 37743 (telephone: 615/639–4168) is being appointed as attorney for the applicant.

Unless it is determined on receipt of the respondent's return or otherwise that the petitioner's application for the writ and such return present other than issues of law, the respondent will not be required to produce at any hearing herein the body of this applicant whom he detains. 28 U.S.C. § 2243. Upon such a contrary determination, however, the undersigned judge hereby DESIGNATES T. W. Overall, Esq., a magistrate of this district, to conduct a hearing or hearings, including an evidentiary hearing or hearings, and to submit to a judge of this Court proposed findings of facts and recommendations for the disposition by a judge of this Court of this matter as law and justice require, *idem.*, the applicant having been convicted of criminal offenses. 28 U.S.C. § 636(b)(1)(B). Such magistrate shall then file his proposed findings and recommendations thereunder with the Court. 28 U.S.C. § 636(b)(1)(C). The clerk will provide such magistrate with a copy hereof. The clerk will serve a copy of this order also on the respondent and the attorney general of Tennessee and copies of the petition and exhibits annexed to it herein and this order on counsel appointed for the applicant, all by certified mail. Rule 4, *supra.*

