STATE of Tennessee, Appellant,

v.

Robert Lee PRINCE, Appellee.

STATE of Tennessee, Appellant,

v.

John Dewitt McDOWELL, Appellee.

Supreme Court of Tennessee,
at Jackson.

Dec. 4, 1989.

See also 664 S.W.2d 310.

Charles W. Burson, Atty. Gen. and Reporter, Norma Crippen Ballard, Asst. Atty. Gen., Bettye Springfield–Carter, Asst. Atty. Gen., Nashville, for appellant.

J. Russell Heldman, Hollins, Wagster & Yarbrough, P.C., Nashville, for appellees.

OPINION

O'BRIEN, Justice.

These post-conviction cases were consolidated for appeal purposes in order to elucidate appropriate procedures in cases of this nature. They present substantially the same facts and issues. Both defendants were convicted of felonies triggering the habitual criminal statute and found to be habitual criminals. Their habitual criminal convictions were grounded in part on sever-

al convictions based on guilty pleas made in prior years.

The defendants unsuccessfully pursued direct appeals of their convictions for the triggering felonies and the enhancement of their sentences as habitual criminals. They later raised unsuccessful post-conviction challenges to these same convictions. Each has now filed a post-conviction petition in which he attacks the validity of his prior guilty pleas. The trial court in each case held that the right to challenge the guilty pleas had been foreclosed by the prior petitions and the statute of limitations.

The issues presented by these two cases are:

1. Did these defendants waive their right to challenge prior guilty pleas by having failed to include those challenges in a prior post-conviction petition attacking a sentence enhanced by those guilty plea convictions?

2. If not and the guilty pleas are determined to be void, then must the enhanced sentence be vacated?

3. Did these defendants waive their right to rely on the invalidity of the underlying convictions used to establish their habitual criminal status by failing to attack said convictions in prior post-conviction proceedings?

## ROBERT LEE PRINCE

Robert Lee Prince was convicted in the Shelby County Criminal Court under three (3) indictments in 1980. He was put to trial for armed robbery and two (2) offenses of petit larceny, all triggering offenses under T.C.A. § 39–1–801, the Habitual Criminal Statute. He was sentenced to eleven (11) months and twenty-nine (29) days in each of the petit larceny cases and to ten (10) years for armed robbery. In a bifurcated proceeding he received three (3) life sentences as an habitual criminal. The sen-

tences on the petit larceny offenses were set to run concurrently with the enhanced sentence for armed robbery to be served consecutively to the concurrent sentences. This judgment was affirmed by the Court of Criminal Appeals on 20 November 1980.

In 1982, defendant, through counsel, filed a post-conviction petition alleging that the habitual criminal sentences were unconstitutional on several grounds. He also charged his trial counsel with ineffective representation for failure to raise these issues on direct appeal. The trial court found the petition to be without merit. It was dismissed without an evidentiary hearing. The judgment was affirmed by the Court of Criminal Appeals in January 1984. This Court denied an application for appeal, concurring in results only.

On 10 October 1987 defendant filed a pro se "Petition for Writ of Habeas Corpus" in the Criminal Court of Shelby County. The primary intent of this petition was to vacate the life sentences imposed in his 1980 habitual criminal trial. One of the grounds alleged in the petition was that prior guilty pleas entered on 14 September 1976 in five (5) robbery cases were involuntary and not knowledgeable because neither the trial judge nor his counsel advised him of his right against self-incrimination. He further alleged that the failure to warn him that the prior convictions might be used in the future to enhance punishment in further prosecutions rendered his pleas involuntary and not intelligently submitted. The trial court found that the petition should be treated as an application for post-conviction relief. He further found that the matters complained of had been previously determined and/or waived, having not been raised in his prior post-conviction relief petition filed on 9 September 1982. He also held that the petition was barred by the statute of limitations pursuant to T.C.A. § 40–30–102.[1] The petition was dismissed.

---

1. T.C.A. § 40–30–102, as amended by Ch. 634, § 1, Pub. Acts 1986, imposes a bar to post-conviction relief unless a petition therefor is filed

within three (3) years of the date of final action of the highest state appellate court to which an appeal is taken from the original conviction.

The Court of Criminal Appeals, in a split decision, reversed the trial court and remanded with instructions. They concurred in the finding that the petition did not allege any grounds for habeas corpus relief under Tennessee law and was properly viewed as a petition for post-conviction relief. They held that under prior case law the petition was not barred by the three (3) year statute of limitations.[2]

Citing *State v. Swanson*, 749 S.W.2d 731 (Tenn.1988) and *State v. McClintock*, 732 S.W.2d 268 (Tenn.1987), as authority, the majority found that Prince had presented a colorable claim for relief which required the appointment of counsel to draft a competent petition to be addressed under the post-conviction procedure laws. In light of their analysis of *Swanson* and *McClintock* they found that the failure to challenge the underlying guilty pleas in the earlier petition did not waive the issue, or preclude a later attack on the life sentences if the guilty pleas were found to be invalid. They found that the record submitted to them did not indicate any defect in the guilty pleas had been established at the time of the first petition and therefore was not then an available ground for relief. In their view, the *McClintock* opinion in 1987 was the first suggestion that the multiple petitions might be consolidated in one proceeding. They remanded for further proceedings including appointment of counsel to establish the identity of the underlying convictions and to determine whether separate petitions to attack the habitual criminal conviction could be consolidated in the cause.

Judge Daughtrey in dissent disputed the majority's holding that Prince's claim had not been waived under T.C.A. § 40–30–112 and concluded the *Swanson* rule did not apply. She further expressed the view that *McClintock* did not create a new rule, or recognize a claim that had not been recognized in the past, but merely established the proper procedure for raising *Boykin–Mackey*[3] claims.

## JOHN DEWITT MCDOWELL

Between 1 December 1969 and 29 October 1980 John Dewitt McDowell submitted eight (8) guilty pleas involving nine (9) felony counts. Subsequently he was convicted in a jury trial of receiving stolen property and sentenced to serve not less than one (1) year nor more than three (3) years in the penitentiary. He was also convicted of uttering a forged instrument and sentenced to not less than two (2) nor more than (3) years confinement. He was found to be an habitual criminal and the punishment for receiving stolen property was enhanced to a life term. On 6 October 1983 these convictions were affirmed by the Court of Criminal Appeals. On 5 December 1983 the defendant's application for permission to appeal was denied by this Court.

On a subsequent date defendant filed a pro se petition for post-conviction relief attacking his habitual criminal conviction. He charged ineffective assistance of counsel and prosecutorial misconduct. It is pertinent to note that one of the complaints alleging ineffective counsel charged that one of his eight (8) prior convictions utilized in the habitual criminal proceedings resulted from an *illegal guilty plea*. His complaint was that his trial counsel failed to file a motion which was argued on that issue and therefore it could not be reargued on appeal. Counsel was appointed in the trial court and an evidentiary hearing held. The trial judge filed written findings of fact and conclusions of law and denied the petition on 18 May 1984. This action too was appealed and on 10 April 1985 the Court of Criminal Appeals affirmed the trial court's judgment. Permission to appeal was denied by this Court on 8 July 1985.

On 30 December 1987 defendant filed a second petition for post-conviction relief.

---

**2.** *Abston v. State*, 749 S.W.2d 487 (Tenn.Cr.App. 1988).

**3.** *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Mackey*, 553 S.W.2d 337 (Tenn.1977).

This petition was devoted entirely to the eight (8) guilty plea submissions noted heretofore and did not apply in any fashion to his habitual criminal conviction. The petition contained a blank allegation that "the trial court 'addressed the petitioner personally in open court' and informed him of the constitutional rights that he was waiving and the significant consequences of the guilty pleas, with the exception that no mention whatever was made of the right not to be compelled to incriminate himself." It charged that the failure of the trial judge to advise him of his constitutional right against self-incrimination rendered the convictions on these guilty pleas void. Upon motion of the State, consideration of the petition and on the record, the trial judge dismissed the petition for post-conviction relief without an evidentiary hearing. The trial court found that petitioner's prior petition for post-conviction relief was heard and denied in May 1984. He found that the prior petition did not mention any of the irregularities complained of in the latter petition. He held that the petition was barred by T.C.A. § 40–30–102 and that the grounds stated in the petition were waived by failure to raise them within the seven (7) years which had elapsed since the last of the convictions complained of. He held that the rights petitioner claimed were violated had been in existence prior to each of the pleas and thus were not valid grounds for complaint. The defendant filed a notice of appeal and a motion for preparation of the record and appointment of counsel. Citing T.C.A. § 40–30–109 the trial judge found the petition was competently drafted and that the pleadings, files and records of the court conclusively showed that the petitioner was not entitled to any relief. He denied the motion for appointment of counsel and the preparation of the transcript at State expense.

On 14 September 1988, in a split decision, the Court of Criminal Appeals reversed the judgment of the trial court. They held that the petition was not barred by T.C.A. § 40–30–102 and remanded the case for an evidentiary hearing.

In conjunction with the trial court's finding that petitioner's complaint had been waived, the majority of the Court of Criminal Appeals found:

"The petitioner seeks to set aside convictions unrelated to those challenged in his first petition on the grounds that 'no mention whatever was made [by the trial court] of the right not to be compelled to incriminate himself' and that there was a failure, in the prior convictions, to advise him of his 'constitutional right against self-incrimination.' See *State v. Mackey*, 553 S.W.2d 337, 341 (Tenn.1977). In *Rounsaville v. Evatt*, 733 S.W.2d 506, 508 (Tenn.1987), our Supreme Court mandated that in order to assure that guilty pleas are intelligent and voluntary, the trial judge must provide warnings against, among other things, one's constitutional right not to be a witness against himself. The trial court, in this instance, must therefore determine on a factual basis whether the petitioner entered valid guilty pleas in accordance with the *Mackey* guidelines. The fact that the prior convictions as well as the triggering convictions took place in Shelby County does not mean that an attack of the latter must necessarily include any allegations of infirmity in the former."

Judge Daughtrey, in dissent, saw no reason why the petition filed by McDowell in 1984 could not have included the current claim, assuming that it had any validity.

## CONCLUSION

There appears to be some confusion among the recent decisions of the lower courts interpreting *McClintock* and *Rounsaville*. We elected to review these cases in order to dispel some of the misconceptions which have become apparent. At the outset we wish to say that neither *McClintock* nor *Rounsaville* recognize any new constitutional right. The intent of those decisions was to restate and reemphasize requirements of preexisting State law. They neither create new grounds nor provide additional remedies. Their purpose is

to designate appropriate procedures for appellants to follow in order that the issues involved may receive expeditious review in the appellate courts.

The first issue posed here is whether these defendants waived the right to challenge their prior guilty pleas by having failed to include those challenges in a prior post-conviction petition attacking a sentence enhanced by those guilty plea convictions.

In *Smith v. State*, 757 S.W.2d 683, 685 (Tenn.Cr.App.1988), the court cited *McClintock*, supra, for the applicable rule:

"[U]less invalid on its face, a prior judgment of conviction in a court with personal and subject matter jurisdiction cannot be collaterally attacked in a subsequent proceeding in which the challenged conviction is used to enhance punishment. The authorized route for attacking a facially valid, final judgment of conviction is by the Post–Conviction Procedure Act. An evidentiary hearing can be afforded in that forum and not at the proceeding in which such prior conviction is used. Once invalidated, the enhancement value of the conviction is also nullified, exposing the enhanced sentence on the subsequent conviction to collateral attack as well."

■ We reiterate that the foregoing principle was not newly recognized in *McClintock*, but, based on an exhaustive citation of authorities, merely restates the law as it has long existed. A defendant cannot maintain a collateral attack by post-conviction on his status of habitual criminality by attacking the validity of his predicate convictions. Prior to making such an attack on an habitual criminal conviction, he must by appropriate petition in the court where his earlier conviction took place seek a hearing to determine the constitutional validity of any such prior conviction. If he is successful in those proceedings he then exposes the enhanced sentence on the subsequent conviction to collateral attack as well. *McClintock*, supra, p. 272.

■ Since a defendant cannot make a collateral attack on prior guilty pleas in a post-conviction petition attacking a sentence enhanced by those prior guilty plea convictions, there can be no waiver for that reason.

■ T.C.A. § 39–1–801, (1982) et seq. defined and prescribed the procedure for the enhancement of punishment of those who fell within its ambit as habitual criminals. Of course, the question of an effective waiver of a federal constitutional right in a [guilty plea] proceeding is governed by federal standards. *Boykin*, supra 395 U.S. at p. 242, 89 S.Ct. at p. 1712. If a defendant has been convicted as an habitual criminal under the Tennessee recidivist statute, on evidence of prior convictions in which he has been denied at a critical stage a federal right ... his conviction as an habitual criminal and the enhancement of his punishment to life imprisonment is void. See *Mullins v. Lane*, 484 F.Supp. 237 (E.D. Tenn.1979). It follows that, if a defendant's guilty pleas are determined to be void, then the enhanced sentence must be vacated in an appropriate proceeding and the original trial sentence reinstated.

■ Does a defendant waive his right to vacate the enhanced sentence by having failed to establish any invalidity in the guilty pleas before filing his first petition attacking an enhanced punishment sentence?

We hold that he does not. Although dealing in a different context, we have substantially answered this question in *Swanson v. State*, supra, p. 735, in which the court said:

"... The simple fact that a petitioner has had one bite at the post-conviction apple does not *ipso facto* preclude another bite when the petitioner can show that no knowing and understanding waiver of a ground for relief was made, or that the claim was not previously determined ..."

Prior to the 1986 amendment to T.C.A. § 40–30–102 there was not any statute of limitations of any kind relating to the filing of petitions for post-conviction relief. They

came in a piecemeal, disorderly procession, usually based on the interpretation of the latest decisions of the courts governing such matters, by the individual defendant, or by his inmate counsel. By the enactment of that amendment the legislature endeavored to establish a three-year bar for consideration of petitions for post-conviction relief.

■ With certain exceptions which we set out in this opinion, it is incumbent upon a defendant to establish the invalidity of prior guilty pleas before he can procedurally launch a collateral attack on a subsequent habitual criminal sentence on that basis. If he has not previously done so it must be established at an appropriate hearing for that purpose that he has not knowingly and understandingly waived any grounds he may have which would undermine the validity of a prior guilty plea. The fact cannot be established on a silent record. *Boykin,* 395 U.S. at p. 242, 89 S.Ct. at p. 1712. The petition must be filed in the court where the earlier conviction took place to attack the constitutional validity of the prior conviction. A defendant successful in such a proceeding may then expose the enhanced sentence on the subsequent conviction to a collateral attack as well. *McClintock,* supra, p. 272. Any post-conviction attack on an habitual criminal conviction must include all constitutional grounds available.

■ We make exception for those cases presently filed and in some procedural posture either at trial or appellate level. In those cases where a post-conviction proceeding is pending which mounts a collateral attack on an habitual criminal conviction on the basis of the invalidity of one or more prior guilty plea convictions, the proceedings will be stayed to give the defendant an opportunity to test the constitutional validity of those prior convictions in the court where they occurred.

In cases such as these before us, where the guilty plea convictions and the habitual criminal conviction took place in the same forum, judicial economy is best served by requiring the petitions to be filed, consolidated and heard in the same court, at the same time.

Robert Lee Prince in his pro se petition alleged that his prior guilty pleas entered on 14 September 1976 in five (5) robbery cases were involuntary and not knowledgeable because neither the trial judge nor his counsel advised him of his right against self-incrimination. There is no evidence in this record of any prior direct appeal or collateral proceedings with respect to the guilty plea judgments against him. The transcript of the guilty plea proceedings is not before us, therefore it is impossible for this Court to consider their constitutional validity. If there has been no prior post-conviction attack on these guilty plea convictions his petition is not barred. He is entitled to be heard.

In addition to his contention that at the time of his prior guilty pleas he was not advised about self-incrimination, he also alleged he was not advised about the use or potential use of convictions to enhance a later sentence. While there may be some question whether that language in Prince's petition presents a viable *Mackey* issue, for the purpose of this opinion we treat it as raising an issue required in *Mackey,* not required in *Boykin.* It is not an issue of constitutional dimensions.

This Court noted in *State v. Mackey,* supra, that it may, in the exercise of its supervisory power to insure that the courts of this State afford fairness and justice to defendants in criminal cases require stricter standards than those mandated by the *Boykin* decision. Some ten (10) years later, in *Rounsaville,* supra, the Court reiterated that admonition,[4] saying:

"It is the intention of this Court that the mandates of *Mackey* be fully complied

---

**4.** In *McClintock,* supra, p. 273 the court added a further requirement, "... any court accepting a plea of guilty must make it clear to the defendant that the resulting judgment of conviction

may be used in a subsequent proceeding to enhance the punishment for subsequent offenses."

with as a prerequisite to the acceptance of a valid guilty plea. In this connection we observe that the body of Rule 11, T.R.Crim.P., does not contain all of the mandates of *Mackey*. The comments to that rule warn that *Mackey* contains additional requirements. We reiterate that *Mackey* controls the acceptance of guilty pleas."

█ *Mackey* mandated advice by the trial judge about the consequences of a guilty plea that went beyond the requirements of *Boykin*. In *Mackey* there are two references to the necessity of advising defendants about the use of prior convictions as factors in determining the appropriate punishment for the offense to which defendant is pleading guilty. That advice also foretells the future use of prior convictions and the future use of the case under consideration if the guilty plea is accepted. 553 S.W.2d at 341, numbered paragraphs (1) and (5). That advice and a determination that defendant understands it, is not required by *Boykin*. That advice and any other requirement of *Mackey* in excess of *Boykin* is not based upon any constitutional provision, federal or state. It follows, that any omissions, not required in *Boykin* may be relied upon on direct appeal in appropriate cases but such omissions have no validity on the first or any subsequent post-conviction proceeding. See T.C.A. § 40–30–105.

John DeWitt McDowell had eight (8) prior guilty plea submissions utilized in the habitual criminal proceedings. Although it appears that he made a complaint about one of these prior convictions in his first post-conviction relief petition, the basis for that complaint is not clear in this record. Even if found void that conviction standing alone would not invalidate his habitual criminal conviction. The petition filed in the second proceeding for post-conviction relief is devoted entirely to the eight guilty plea submissions noted heretofore and did not apply in any fashion to his habitual criminal conviction. It charged that the trial judge failed to advise him of his con-stitutional right against self-incrimination. It was dismissed by the post-conviction judge without an evidentiary hearing. The judge found that the prior petition for post-conviction relief did not mention any of the irregularities complained of in the latter petition and that it was barred by T.C.A. § 40–30–102. He held that the rights petitioner complained were violated had been in existence prior to each of the pleas and thus were not valid grounds for complaint.

In view of our construction of the issues involved we concur in the majority judgment of the Court of Criminal Appeals that these cases should be remanded to the trial court for the appointment of counsel and compliance with the post-conviction proceeding statutes in accordance with *Swanson v. State*, supra, including a hearing on the merits of the respective petitions. In the recent case of *State v. Newsome*, 778 S.W.2d 34 (Tenn.1989), this Court set out comprehensive guidelines to be followed in reviewing both constitutional and *Mackey* issues. Those standards will apply in this case. If it is established at these hearings that petitioners' privilege against compulsory self-incrimination was infringed upon or that they did not voluntarily and understandingly enter their guilty pleas they will be allowed to resubmit their guilty pleas, or in the alternative they will be subject to retrial. *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *Lockhart v. Nelson*, — U.S. —, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988); *State v. Campbell*, 641 S.W.2d 890, 893 (Tenn.1982). Any further petition to set aside the habitual criminal convictions is secondary to the outcome of the guilty plea post-conviction hearings.

These cases are remanded to the trial court for other and further proceedings in accordance with this opinion. The costs of this appeal are assessed against the State.

The cross-appeal of Robert Lee Prince is denied.

DROWOTA, C.J., and COOPER and HARBISON, JJ., concur.

FONES, J., dissents.

FONES, Justice, dissenting.

I cannot agree with the majority opinion in its conclusion that Prince and McDowell have not waived their right to challenge the underlying guilty pleas used to enhance a triggering offense to habitual criminal status.

Both of these defendants have filed prior post-conviction proceedings and both were represented by counsel in the prior proceedings. Both were filed many years after *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and years after *State v. Mackey*, 553 S.W.2d 337 (Tenn.1977). There is no proposition of criminal law as certain and indisputable as the principle that the trial court's failure to advise a defendant of his constitutional right against self-incrimination prior to accepting his guilty plea is fatal to its validity and that that constitutional ground has been available to every defendant in every state of this nation since the date *Boykin* was released. *Mackey* did not create the right, the court applied it in Tennessee for the first time.

The majority opinion repeatedly acknowledges that *State v. McClintock*, 732 S.W.2d 268 (Tenn.1987) and *Rounsaville v. Evatt*, 733 S.W.2d 506 (Tenn.1987) did not create a new constitutional right.

In *McClintock* the defendant was indicted and convicted of DUI, second offense and given an enhanced punishment authorized for a second offense. He attacked the validity of his first DUI conviction and the enhancement on the ground that he had not waived his right to counsel when he pled guilty to the first offense. The trial court and the Court of Criminal Appeals held that defendant was improperly attempting to invalidate his first conviction by an unauthorized collateral attack. This Court affirmed that result. Even though *McClintock* was a direct appeal, not a post-conviction proceeding we held that where judgments are subject to constitutional attack, post-conviction proceedings are the proper vehicle, that in fact, "a post-conviction proceeding is clearly a collateral attack

upon the judgment. *Goodner v. State*, 484 S.W.2d 364 (Tenn.Crim.App.) *cert. denied* (Tenn.1972)." 732 S.W.2d at 271, 272.

In the paragraph wherein this Court stated conclusions with respect to post-conviction procedure applicable to attacks on the validity of judgments used for enhancement, the following appears:

If Defendant files a petition for post-conviction relief to challenge the judgment of the first conviction and is successful, a second petition could be filed to challenge the sentence on the second conviction. Judicial economy will be served by permitting these petitions to be filed, consolidated and heard in the same court at the same time.... Such petitions must be filed in a court of record having jurisdiction to hear such causes in the county in which the challenged conviction was entered. 732 S.W.2d at 274.

There is no reason why a single post-conviction petition cannot be filed wherein all convictions used for enhancement and all other constitutional issues involved in the adjudication of the triggering offense and habitual criminal status are joined, where, as here, all proceedings were in the same county. If the first post-conviction proceeding is not, *"any proceeding ... in which the ground could have been presented"*, under T.C.A. § 40–30–112, then any number of subsequent petitions raising constitutional issues allegedly violated would likewise fail to qualify as a *prior proceeding* invoking the statute.

It also appears to me that the majority is saying, implicitly, that the above quoted portion of *McClintock* is a *new constitutionally based* adjudication that justifies holding that with respect to habitual criminal convictions, prior post-conviction proceedings attacking ineffective assistance of counsel, cruel and unusual punishment, or any constitutional issue in the proceeding was not really a prior post-conviction proceeding for the purpose of the waiver statute, T.C.A. § 40–30–112. Also implicit in the majority opinion is the notion that each

underlying conviction used for enhancement to habitual criminal status being separate proceedings, were immune from attack in the first proceeding seeking to invalidate the habitual criminal adjudication. It would seem to follow that McDowell could file eight separate consecutive petitions, each attacking one of the prior "collateral judgments" without running afoul of the waiver statute.

A ground for relief is waived pursuant to T.C.A. § 40–30–112 if defendant "failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented."

The criminal court of Shelby County is the court of competent jurisdiction for all of the convictions and triggering offenses of Prince and McDowell. There are eight divisions and eight judges of that court, but it is a single court with a single clerk for jurisdiction purposes. All of the "collateral judgments" used for enhancement were subject to attack in *any proceeding* brought by Prince or McDowell that involved the validity of their habitual criminal convictions, before and after *McClintock*. Both defendants failed to raise the constitutional validity of the underlying convictions in their prior post-conviction proceedings. Neither of their petitions in the proceedings now before the Court assert any reason for the failure to raise the self-incrimination claim in the prior proceedings. Under numerous decisions of this Court and the Court of Criminal Appeals, those constitutional claims are presumed to have been waived pursuant to T.C.A. § 40–30–112. I can discern no reason for this departure from settled principles of law and procedure that we will be compelled to return to in subsequent cases.