IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JANUARY SESSION, 1997

FILED

September 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9604-CC-00167 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | FRANKLIN COUNTY |
| VS. | ) | |
| | ) | HON. BUDDY D. PERRY |
| MICHAEL A. BASKETTE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal-Driving on Revoked |
| | ) | License) |


FOR THE APPELLANT:

PHILIP A. CONDRA
District Public Defender
12th Judicial District
P. O. Box 220
Jasper, TN 37347

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

M. ALLISON THOMPSON
Counsel for the State
450 James Robertson Parkway
Nashville, TN 37243-0493

J. MICHAEL TAYLOR
District Attorney General

WILLIAM COPELAND
Assistant District Attorney
1 South Jefferson Street
Winchester, TN 37398


OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

A Franklin County Circuit Court jury convicted Appellant Micheal B. Baskette of driving on a revoked license. As the result of two prior convictions in Davidson County for driving on a revoked license, Appellant was subsequently convicted in a bench trial for driving on a revoked license third offense. Appellant was sentenced to sixty days in the county jail and a fine imposed. In this appeal, Appellant claims that his conviction for driving on a revoked license third offense was improperly based upon a prior guilty plea in which there was no effective waiver of counsel. For the reasons set forth, the judgment of the trial court is affirmed.

## I. FACTUAL BACKGROUND

On April 22, 1994, Appellant was stopped at a roadblock on Highway 127 in Franklin County, Tennessee. When approached by a Tennessee Highway Patrol officer, Appellant reportedly appeared to be intoxicated. The officer instructed Appellant to pull his car into a parking lot. Appellant was then given a series of field sobriety tests by the officer. As a result of these tests, Appellant was arrested and charged with DUI. When the officer checked Appellant's identification information the check revealed that Appellant's driver's license was revoked; subsequently Appellant was charged with driving on a revoked license.

Appellant was indicted by the Grand Jury of Franklin County in a four count indictment, which charged Appellant with driving under the influence, driving under the influence, third offense, driving on a canceled, suspended, or revoked license, and driving on a canceled, suspended, or revoked license, third offense. At trial on these charges, the jury returned a verdict of not guilty on the count involving driving under the influence and guilty on the count involving driving on a canceled, suspended or revoked license. The fourth count of driving on a canceled, suspended or revoked license third offense was tried by the judge. During the

bench trial, Appellant pointed out to the judge that the waiver of attorney which appeared on the reverse side of the driving on a revoked license citation dated February 18, 1991 seemed irregular, because it did not list any of the procedural safeguards that accompany a constitutional waiver. The judge agreed as to the irregular appearance of the waiver, but stated that the court in which the matter was heard would have a record of that proceeding. Appellant was found guilty of driving on a revoked license third offense.

## II. ATTACK UPON AN UNDERLYING CONVICTION

Appellant alleges that the trial court erred in relying on the February 1991 guilty plea which does not affirmatively establish on the face of the plea that the statutory and constitutional protections required for an effective plea were ever undertaken. Appellant argues that because the record does not establish a valid waiver of the Appellant's right to counsel at the plea proceeding in February 1991, this Court should reverse and dismiss his conviction for driving on a revoked license, third offense.

In State v. Prince, 781 S.W.2d 846, the Supreme Court addressed this issue in holding that a defendant must collaterally attack any infirm underlying convictions before a he can attack a subsequent conviction based on those prior convictions.

> [I]t is incumbent upon a defendant to establish the invalidity of prior guilty pleas before he can procedurally launch a collateral attack in a subsequent habitual criminal sentence on that basis. If he has not previously done so it must be established at an appropriate hearing for that purpose that he has not knowingly and understandingly waived any grounds he may have which would undermine the validity of a prior guilty plea. The fact cannot be established on a silent record. Boykin, 395 U.S.[238,] at 242, 89 S.Ct.[1709,] at 1712. The petition must be filed in the court where the earlier conviction took place to attack the constitutional validity of the prior conviction. A defendant successful in such a proceeding may then expose the enhanced sentence on the subsequent conviction to a collateral attack as well.

-3-

State v. Prince, 781 S.W.2d 846, 852 (Tenn. 1989).

Just as the underlying convictions in Prince were facially valid, the February 1991 conviction Appellant seeks to challenge is facially valid. The Appellant's signature does indeed appear under the waiver of counsel portion of the document.  Therefore, it is facially valid.  *See* State v.McClintock, 732 S.W.2d 268 (Tenn. 1987); State v. Cottrell, 868 S.W.2d 673 (Tenn. Crim. App. 1992).  This Court is unable to determine the merit of his allegation regarding the 1991 guilty plea upon this record. The appropriate route for overturning a prior conviction as a result of an invalid waiver of the right to counsel is to file a post-conviction proceeding within the statute of limitations.

Because Appellant has failed to follow the procedure set out by the Tennessee Supreme Court in State v. Prince, the judgment of the trial court is affirmed.


_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
JOE G. RILEY, JUDGE