IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 25, 2006

## HARVEY S. BURNS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2003-C-1862     Cheryl Blackburn, Judge**

_____

**No. M2005-02961-CCA-R3-PC - Filed November 17, 2006**

_____

The Petitioner, Harvey S. Burns,[1] pled guilty to selling less than one-half gram of cocaine. At the guilty plea hearing, the Petitioner accepted a sentence of thirteen years as a Range III, persistent offender. The Petitioner timely filed a pro se petition for post-conviction relief, and after being appointed counsel, filed an amended petition for post-conviction relief. After a hearing, the trial court denied the petition for post-conviction relief. In this appeal, the Petitioner asserts that he received the ineffective assistance of counsel and that his plea was not knowingly, voluntarily, and intelligently entered. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J.C. MCLIN, JJ., joined.

Nathan Moore, Nashville, Tennessee, for the appellant, Harvey S. Burns.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1]The Petitioner also refers to himself in the initial petition for post-conviction relief as "Harvey Burns Stanley," yet he signed the petition "Harvey S. Burns." All prior case styles contained in the record in this matter refer to the Petitioner as "Harvey S. Burns."

# OPINION

On November 20, 2003, the Petitioner pled guilty to one count of selling less than one-half gram of cocaine. At the guilty-plea hearing, the Assistant District Attorney recited the underlying facts of the offense as follows:

> [O]n April the third of this year, Officers Devord (phonetic) and Fiddler were working in an undercover capacity, trying to buy drugs from street-level dealers.
>
> They got into the area of Lewis and Lafayette, where they were approached by, Mr. McPherson[, the Petitioner's co-defendant] and engaged in a conversation. They told Mr. McPherson they were looking for a "forty," meaning forty dollars' worth of crack cocaine.
>
> Mr. McPherson didn't have it on him. He walked across the street to [the Petitioner], where the officers observed an exchange take place. Mr. McPherson came back over and then exchanged the crack cocaine with the police officers, who gave him the forty dollars.
>
> Then take-down units came in. . . . Mr. McPherson was caught. The buy money was either on him or near him. [The Petitioner] fled, and the officers observed him throw some additional crack cocaine away.

At the guilty plea hearing, the following colloquy occurred between the trial court and the Petitioner:

> THE COURT: [Y]ou're here charged with the sale of less than point-five grams of cocaine. That charge could carry from three-to-fifteen years' imprisonment.
> . . . .
> Do you . . . understand the charges against you?
>
> [THE PETITIONER]: Yes, sir.
> . . . .
>
> THE COURT: And are you satisfied with [your] representation?
>
> [THE PETITIONER]: Yes, sir.
>
> THE COURT: . . . It's being recommended, on your plea of guilty to the sale of less than point-five grams of cocaine, that you

receive a thirteen-year sentence as a Range Three offender for parole purposes, with a two-thousand dollar fine.

Is that your understanding?

[THE PETITIONER]: Yes, sir.

. . . .

THE COURT: All right. . . . [I]s this your signature [on the plea agreement]?

[THE PETITIONER]: Yes, sir.

THE COURT: Did you have any questions about it?

[THE PETITIONER]: No, sir.

. . . .

THE COURT: Is there anyone forcing you in any way to enter your particular plea? . . .

[THE PETITIONER]: No, sir.

. . . .

THE COURT: Do . . . you have any questions of the Court?

(Whereupon, the [Petitioner] responded negatively.)

. . . .

THE COURT: What is your plea to the charge of the sale of less than point-five grams of [cocaine]?

[THE PETITIONER]: Guilty.


Following this litany of questions, the trial court accepted the Petitioner's guilty plea and sentenced the Petitioner to serve the agreed-upon sentence of thirteen years. It is from this guilty plea and resulting judgment of conviction that the Petitioner seeks post-conviction relief.

**Analysis**
**I. Ineffective Assistance of Counsel**
First, the Petitioner asserts that he received the ineffective assistance of counsel. Specifically, the Petitioner claims that his attorney (1) failed to adequately consult and advise him of the plea's consequences, (2) failed to adequately investigate the facts, and (3) induced the Petitioner into

pleading guilty.  The State asserts that the Petitioner's attorney did provide the effective assistance of counsel by communicating with the Petitioner about the plea negotiations and by properly investigating the facts of the case.  The State further asserts that the Petitioner has failed to prove that his attorney coerced him to plead guilty.  We conclude that the trial court did not err in determining that the Petitioner received the effective assistance of counsel.

The Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel.  State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).  Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases.  Strickland v. Washington, 466 U.S. 668, 687 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

A lawyer's assistance to his or her client is ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  Strickland, 466 U.S. at 686.  This overall standard is comprised of two components: deficient performance by the defendant's lawyer and actual prejudice to the defense caused by the deficient performance.  Id. at 687; Burns, 6 S.W.3d at 461.  The defendant bears the burden of establishing both of these components by clear and convincing evidence.  Tenn. Code Ann. § 40-30-110(f); Burns, 6 S.W.3d at 461.  The defendant's failure to prove either deficiency or prejudice is a sufficient basis upon which to deny relief on an ineffective assistance of counsel claim. Burns, 6 S.W.3d at 461; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

This two-part standard of measuring ineffective assistance of counsel also applies to claims arising out of a guilty plea.  Hill v. Lockhart, 474 U.S. 52, 58 (1985).  The prejudice component is modified such that the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Id. at 59; see also Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

In evaluating a lawyer's performance, the reviewing court uses an objective standard of "reasonableness."  Strickland, 466 U.S. at 688; Burns, 6 S.W.3d at 462.  The reviewing court must be highly deferential to counsel's choices "and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Burns, 6 S.W.3d at 462; see also Strickland, 466 U.S. at 689.  The court should not use the benefit of hindsight to second-guess trial strategy or to criticize counsel's tactics, see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel's alleged errors should be judged in light of all the facts and circumstances as of the time they were made.  See Strickland, 466 U.S. at 690; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal.  Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).  This Court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo

standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. Id. "However, a trial court's conclusions of law—such as whether counsel's performance was deficient or whether that deficiency was prejudicial—are reviewed under a purely de novo standard, with no presumption of correctness given to the trial court's conclusions." Id. (emphasis in original).

### 1) Adequate Consultation and Advice

First, the Petitioner asserts that his attorney did not adequately consult and advise him on "the plea options and the legal aspects of the case." We conclude that the trial court did not err in finding that the Petitioner's counsel reasonably counseled him to enter his plea.

At the post-conviction hearing, the Petitioner testified that his attorney never advised him of earlier plea discussions in which the prosecutor stated that he would indict the Petitioner for selling a controlled substance in a school zone if he did not plead guilty to a fifteen-year sentence. The Petitioner testified that the only plea offer he knew anything about provided for a sentence of three years. He testified his attorney told him that, upon his plea of guilty, he would receive a three-year sentence. On the contrary, the Petitioner's attorney testified that he did notify the Defendant of the earlier plea negotiations, and that the Petitioner was "not correct" when he stated that he knew only of a three-year plea offer.

In dismissing the post-conviction petition, the trial court found that the Petitioner had not presented clear and convincing evidence that his trial attorney did not adequately advise him during the early stages of the plea bargaining process. The trial attorney testified that he did notify the Petitioner of the earlier negotiations. It is well-settled that the trial court is in the best position to assess the credibility of witnesses' testimony when there are contradictions among witnesses. The trial court accredited the testimony of the Petitioner's attorney. We conclude that the evidence does not preponderate against the trial court's finding that the Petitioner received the effective assistance of counsel.

### 2) Failure to Investigate the Facts

Next, the Petitioner claims that his attorney failed to thoroughly investigate the facts of his case. We conclude that the trial court properly determined that the Petitioner's counsel reasonably performed his duty to investigate the facts of the charges against the Petitioner.

At the post-conviction hearing, the Petitioner's attorney testified about the various steps he took to investigate the drug sale. The Petitioner's attorney testified that one central factual issue was whether the Petitioner's co-defendant, Mr. McPherson, would testify that he had obtained cocaine from the Petitioner. The Petitioner's attorney sent a staff member to question Mr. McPherson, who stated that he did in fact get the drugs from the Petitioner. Another key issue was whether the State could have charged the Petitioner with selling cocaine within one thousand feet of a school. The Petitioner's attorney used an internet map program, known as "Mapquest," to determine that the sale was made within the statutorily defined school zone. Therefore, the trial court properly found that

the Petitioner did not present clear and convincing evidence of deficient performance, and we conclude the record does not preponderate against the trial court's findings.

### 3) Inducement to Plead Guilty

Finally, the Petitioner contends that he received the ineffective assistance of counsel because his attorney coerced him into pleading guilty to a sentence of thirteen years when the Petitioner had been told his sentence would be three years. We conclude that the trial court did not err in determining that the Petitioner was not coerced into pleading guilty.

At the post-conviction hearing, the Petitioner testified that he believed throughout the guilty plea hearing that he was actually pleading guilty to a sentence of three years rather than thirteen years. The Petitioner stated that his attorney told him that the court had made "a slight mistake" in stating that the sentence would be thirteen years. The Petitioner claims that his attorney "repeatedly assured [him] that he would fix the court's recitation of a thirteen . . . year sentence." The Petitioner states that his attorney told him to "just say yeah" to the questions of the trial judge. The Petitioner further states that his attorney claimed to have everything "under control."

The Petitioner's attorney denied that he ever gave the Petitioner the impression that he was pleading guilty to a three-year sentence. The Petitioner's attorney testified that he did not have "any recollection of standing over his shoulder and whispering in his ear" or of saying anything to the Petitioner at all during the guilty plea colloquy.

The trial court again assessed the credibility of the witnesses, who presented contradictory versions of events. The trial court credited the testimony of the Petitioner's attorney, and the record does not preponderate against the trial court's findings.

### II. Knowing, Voluntary and Intelligent Guilty Plea

Next, the Petitioner contends that his guilty plea was not entered knowingly, voluntarily, or intelligently because he was improperly advised and unduly coerced into pleading guilty. The State asserts that the Petitioner's attorney's testimony and the record of the guilty plea hearing show otherwise. We agree with the State. The proof supports the trial court's finding that the Petitioner knowingly, voluntarily, and intelligently pled guilty.

When a guilty plea is entered, a defendant waives certain constitutional rights, including the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront witnesses. Boykin v. Alabama, 395 U.S. 238, 243 (1969). "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." Id. at 242. Thus, in order to pass constitutional muster, a guilty plea must be voluntarily, understandingly, and intelligently entered. See id. at 243 n.5; Brady v. United States, 397 U.S. 742, 747 n.4 (1970). To ensure that a guilty plea is so entered, a trial court must "canvass[] the matter with the accused to make sure he [or she] has a full understanding of what the plea connotes and of its consequence[s]." Boykin, 395 U.S. at 244. The waiver of constitutional rights will not be presumed from a silent record. Id. at 243.

In State v. Mackey, 553 S.W.2d 337 (Tenn. 1977), the Tennessee Supreme Court set forth the procedure for trial courts to follow in Tennessee when accepting guilty pleas. Id. at 341. Prior to accepting a guilty plea, the trial court must address the defendant personally in open court, inform the defendant of the consequences of a guilty plea, and determine whether the defendant understands those consequences. See id.; Tenn. R. Crim. P. 11. A verbatim record of the guilty plea proceedings must be made and must include, without limitation, "(a) the court's advice to the defendant, (b) the inquiry into the voluntariness of the plea including any plea agreement and into the defendant's understanding of the consequences of his entering a plea of guilty, and (c) the inquiry into the accuracy of a guilty plea." Mackey, 553 S.W.2d at 341.

However, a trial court's failure to follow the procedure mandated by Mackey does not necessarily entitle the defendant to post-conviction relief. See State v. Prince, 781 S.W.2d 846, 853 (Tenn. 1989). Only if the violation of the advice litany required by Mackey or Tennessee Rule of Criminal Procedure 11 is linked to a specified constitutional right is the challenge to the plea cognizable in post-conviction proceedings. See Bryan v. State, 848 S.W.2d 72, 75 (Tenn. Crim. App. 1992). "Whether the additional requirements of Mackey were met is not a constitutional issue and cannot be asserted collaterally." Johnson v. State, 834 S.W.2d 922, 925 (Tenn. 1992).

In this case, the trial judge did advise and question the Petitioner as mandated by Mackey. Indeed, the Petitioner does not dispute that the trial judge followed protocol during the guilty plea hearing. The Petitioner's claim rests on the assertion that his counsel did not properly advise him of earlier plea negotiations and that his counsel told him to plead guilty for a thirteen-year sentence that would be adjusted to three years. As discussed previously, we agree with the post-conviction court that the Petitioner did not demonstrate that his attorney in any way failed to advise him or coerced him. The record simply does not support the Petitioner's claim that his guilty plea was not knowingly, voluntarily, and intelligently entered.

On the contrary, the Petitioner evidenced every intention during the guilty plea hearing to plead guilty, and the Petitioner stated that no one had forced him to enter this plea. Further, although the Petitioner claims that his attorney told him to only respond "yeah" to the judge's questions, the Petitioner nonetheless responded in the negative to key questions such as whether anyone had coerced him and whether he had any questions regarding the plea. As such, we conclude that the trial court did not err in determining that the guilty plea was properly entered.

In summary, the trial court entered a comprehensive order denying post-conviction relief. The order includes findings of fact and conclusions of law. The evidence does not preponderate against the factual findings. The conclusions of law are sound.

**Conclusion**

Based upon the foregoing reasons and authorities, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE