IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JUNE 1997 SESSION

FILED

November 3, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| GARY WAYNE LOWE, | ) | |
| | ) | |
| Appellant, | ) | No. 03C01-9702-CC-00049 |
| | ) | |
| | ) | Anderson County |
| v. | ) | |
| | ) | Honorable James B. Scott, Jr., Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Douglas A. Trant
900 S. Gay Street, Suite 1502
Knoxville, TN 37902

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
          and
Timothy F. Behan
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

James N. Ramsey
District Attorney General
          and
Jan Hicks
Assistant District Attorney General
127 Anderson County Courthouse
Clinton, TN 37716

OPINION FILED:_____

REVERSED AND REMANDED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, Gary Wayne Lowe, appeals as of right from the Anderson County Criminal Court's dismissal of his post-conviction case. The trial court summarily dismissed the petition, concluding that principles of "res judicata" barred the petitioner from challenging the validity of his guilty plea for grand larceny. The court based its decision on the supreme court's dismissal of a prior post-conviction petition, in which the petitioner challenged his habitual offender status based, in part, on the invalidity of the grand larceny conviction. The sole issue for our review is whether the trial court erred by summarily dismissing the petition. Because we conclude that the petitioner is entitled to an evidentiary hearing, we reverse the judgment of the trial court.

The defendant was convicted of automobile burglary and found to be an habitual criminal, receiving a life sentence. This court affirmed his conviction, State v. Gary Wayne Lowe, No. 100, Anderson County (Tenn. Crim. App. Dec. 18, 1981), app. denied (Tenn. Apr. 19, 1982), and also affirmed the denial of his first petition for post-conviction relief challenging his burglary conviction and habitual criminal sentence. Gary Wayne Lowe v. State, No. 139, Anderson County (Tenn. Crim. App. Apr. 10, 1985).

On August 26, 1987, the petitioner filed a second post-conviction petition alleging that an unconstitutional jury instruction was given during the habitual criminal phase of his trial and that his habitual criminal sentence was invalid because his prior grand larceny conviction was void because of an unconstitutional guilty plea. With respect to the guilty plea, the petitioner alleged that he was not advised of his right against self-incrimination and he was not warned that the conviction could be used to enhance his punishment for future convictions. The trial court summarily dismissed the petition as being barred by the applicable statute of limitations. This court reversed the

2

dismissal, holding that the petition was not barred by the statute of limitations and that the petitioner was entitled to an evidentiary hearing on the jury instruction claim and on the validity of the guilty plea for his underlying conviction. State v. Gary Wayne Lowe, C.C.A. No. 192, Anderson County (Tenn. Crim. App. Apr. 12, 1989).

The state sought supreme court review of this court's remand of the petitioner's second post-conviction case, raising two issues: (1) whether this court erred in holding that the jury instruction in the habitual criminal phase of petitioner's trial impermissibly shifted the burden of proof to the petitioner and (2) whether this court erred in holding that the petitioner was entitled to an evidentiary hearing and appointment of counsel on his second post-conviction petition. The supreme court granted the state's application with respect to the first issue, but denied review on the second issue. The order states:

> The State of Tennessee has filed a Rule 11 Application for Permission to Appeal in this cause. As to Issue II, a similar issue was raised in State v. Prince & McDowell, released December 4, 1989, at Jackson. Upon consideration of Issue II in the State's Application, we are of the opinion that it is controlled by State v. Prince & McDowell, and the Court of Criminal Appeals was correct in its remand.
>
> As to Issue I, whether the jury instruction in the habitual criminal phase of the Petitioner's trial impermissibly shifted the burden of proof to the Petitioner, it appears that there is a split of opinion among the panels of the Court of Criminal Appeals and we, therefore, grant the State's Rule 11 application as to Issue I.

The supreme court eventually reversed this court's remand on the jury instruction issue and dismissed the petition for failure to state a claim. Lowe v. State, 805 S.W.2d 368, 372 (Tenn. 1991).

While his second post-conviction case was pending, the petitioner filed a petition for post-conviction relief in 1988 in which he challenged the validity of his guilty plea for the same grand larceny conviction that was used to prove his habitual criminal status. He alleged that the plea was invalid because he was not advised of his right

3

against compulsory self-incrimination nor warned that the conviction could be used to enhance a future sentence. The state moved to dismiss the petition because it raised an issue that was pending in this court in the petitioner's second post-conviction petition. The petitioner responded to the state's motion to dismiss, but no further action was taken in the case until the petitioner filed an "Amended Petition and Motion for Evidentiary Hearing."

The trial court dismissed the petition, holding that the petitioner was barred from collaterally challenging the prior guilty plea based upon the supreme court's dismissal of his second petition. The court reasoned that the supreme court's dismissal of the petitioner's second petition for post-conviction relief for failure to state a claim barred the petitioner under the doctrine of res judicata from relitigating the validity of his guilty plea, an issue raised in the second petition. Essentially, this means that the trial court found that the ground for relief had been previously determined. See T.C.A. § 40-30-112 (repealed 1995).

The petitioner contends that under this court's opinion and order in his second post-conviction case, he is entitled to an evidentiary hearing on the validity of the guilty plea that resulted in the grand larceny conviction. He correctly asserts that the supreme court denied review of the issue and explicitly agreed with this court's decision remanding the case for a hearing on the issue. The petitioner argues that because the guilty plea issue was not before the supreme court when it decided the jury instruction issue, the supreme court's opinion did not alter his right to have a hearing on the validity of the prior guilty plea.

The state counters that the petitioner is not entitled to an evidentiary hearing on whether the underlying guilty plea was constitutional because the supreme

4

court dismissed the petition. In support, the state cites the following language from the supreme court's opinion in the petitioner's second post-conviction case:

> The final question is whether Lowe is entitled to post-conviction relief on the basis of this constitutional error. . . .
>
> . . . After close study of the record, however, we conclude that the petitioner is so clearly not entitled to relief, despite the constitutional error committed at trial, that remand would amount to futility.
>
> . . . .
>
> . . . Lowe has effectively admitted that he has the requisite number of prior convictions to sustain his current conviction as a recidivist . . . .
>
> In summary, although we agree with the conclusion reached by the Court of Criminal Appeals on the substantive question of constitutional law raised on appeal, we disagree with that court's decision to grant the petitioner an evidentiary hearing. The judgment of the Court of Criminal Appeals remanding the case to the trial court is therefore reversed, and the petition is dismissed for failure to state a claim upon which relief may be granted.

Lowe, 805 S.W.2d at 372. The state also argues that the defendant is not entitled to a hearing on whether his prior guilty plea was unconstitutional because such a finding would have no effect on his habitual criminal status.

We believe that State v. Prince, 781 S.W.2d 846 (Tenn. 1989), is central to disposition of the issue raised in this case. In Prince, our supreme court held that a petitioner cannot collaterally attack prior convictions that support an habitual criminal status through a post-conviction petition that seeks to invalidate the habitual criminal sentence. 781 S.W.2d at 851. The court stated that pending post-conviction proceedings involving attacks on habitual criminal sentences based upon the invalidity of prior guilty plea convictions should be stayed in order for petitioners to have the opportunity to file petitions challenging the underlying convictions. Id. at 852.

The petitioner's second petition for post-conviction relief raised the issue of an invalid conviction in the context of an attack on his habitual offender status, the

5

exact procedure prohibited in <u>Prince</u>.  This means that the petition related only to the habitual criminal case and could not be used as a means to resolve a claim that another conviction was invalid.  As a result, the ultimate dismissal of the second petition by the supreme court would only be a ruling in the habitual criminal case, not relating to any prior conviction.  Thus, the dismissal did not operate as a previous determination of the validity of the grand larceny conviction.

In the present case, the petitioner filed a separate petition that independently challenges the validity of the grand larceny conviction.[1]  This petition constitutes the proper way to attack the prior conviction under the holding in <u>Prince</u>.  Whether it affects the habitual criminal status is irrelevant at this point.  Under these circumstances, the petitioner was entitled to an evidentiary hearing on the merits of his claim that his grand larceny conviction should be vacated.  Accordingly, we reverse the trial court's judgment and remand the case for further hearing on the validity of the grand larceny conviction.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
John H. Peay, Judge

_____
Curwood Witt, Judge

---

[1] We note that the petitioner amended the present petition to include a challenge to his habitual criminal sentence, as well as the prior conviction.  We caution counsel to adhere to the procedures provided in <u>Prince</u>.