IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1997 SESSION

FILED

July 10, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

JOHN L. EARNEST,      )
     )
         Appellant,      )      No. 02C01-9604-CR-00114
     )
     )      Shelby County
v.      )
     )      Honorable Carolyn Wade Blackett, Judge
     )
STATE OF TENNESSEE,      )      (Post-Conviction)
     )
         Appellee.      )

For the Appellant:

Craig v. Morton, II
212 Adams Avenue
Memphis, TN 38103

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
     and
Deborah A. Tullis
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

John W. Pierotti, Jr.
District Attorney General
     and
Rhea Clift
James J. Challen, III
Assistant District Attorneys General
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, John L. Earnest, appeals as of right from the Shelby County Criminal Court's denying him post-conviction relief from his second degree murder conviction and resulting forty-year sentence in 1991 upon his plea of guilty. The petitioner contends that he received the ineffective assistance of counsel and that he did not knowingly and voluntarily enter his guilty plea. He asserts that his counsel was ineffective because (1) a hearing was not conducted on several motions, (2) a motion to compel the state to answer the motions was never filed by his counsel, (3) the mental evaluation conducted was incomplete, and (4) his attorney only sought to negotiate a plea rather than preparing for trial. The petitioner also claims that he did not knowingly and voluntarily enter his guilty plea because the trial court did not advise him that he was waiving the right to appeal his sentence or that there would be no further trials of any kind by entering a guilty plea. Initially, we note failure to give advice not required by Boykin v. Alabama, 395 U.S. 238, 243, 89 S. Ct. 1709, 1719 (1969), does not, per se, warrant post-conviction relief because the omission does not, by itself, rise to the level of constitutional error. See T.C.A. § 40-30-105; State v. Prince, 781 S.W.2d 846, 853 (Tenn. 1989); State v. Neal, 810 S.W.2d 131, 140 (Tenn. 1991).

The petitioner and his trial attorney were the only witnesses to testify at the post-conviction hearing. Essentially, the petitioner sought to show that his trial counsel should have sought suppression of his written statement to police at a hearing, sought a mental evaluation, consulted with him and conducted a more thorough investigation, and should not have coerced him into pleading guilty by telling him that he could receive either a life sentence or the death penalty. He also claimed that a mental evaluation was never conducted on him and that he was never advised that he was waiving his right to appeal. The petitioner admitted that trial counsel visited him in jail a

2

lot and that he did not tell his counsel about any witnesses because he did not have any.

The petitioner's trial counsel testified, at length, as to what was done leading up to the guilty plea, including advising the petitioner that he would waive the right to appeal his sentence by entering the plea. She said that she visited the petitioner several times in jail and corresponded by phone and by mail. Trial counsel stated that she spoke to the victim's family and that at least three people witnessed the defendant shoot the victim. She also stated that a social worker conducted a social investigation on the petitioner, that a mental evaluation of the petitioner was conducted at Midtown Mental Health, and that the results of the evaluation showed that the petitioner was competent to stand trial. Trial counsel stated that she filed a motion to suppress the petitioner's statement to police but did not proceed to a hearing because the petitioner admitted shooting the victim and because she was seeking a reduction of the offer of a forty-year sentence by the state. She testified that she believed that the state had a strong case against the petitioner and that had the petitioner gone to trial, he would have likely been convicted of first degree murder and received a greater sentence.

After the evidentiary hearing, the trial court entered a nine-page order that included findings of fact and conclusions of law. The trial court concluded that trial counsel had performed competently and that the petitioner knowingly and voluntarily entered his plea. Essentially, the trial court found that the petitioner had not sufficiently proven his factual allegations. In this appeal, the petitioner is asserting that we should accept his testimony and proof over that of his trial counsel. Our scope of review is not that broad.

> First, this Court cannot reweigh or reevaluate the evidence; nor can we substitute our inferences for those drawn by the trial court. Second, questions concerning the credibility of the witnesses, the weight and value to be given their testimony,

3

and the factual issues raised by the evidence are resolved by the trial court, not this Court. Third, the appellate has the burden in this Court of illustrating why the evidence contained in the record preponderates against the judgment entered by the trial judge.

Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

In this respect, the petitioner fails to show how the trial court's findings are incorrect. Moreover, we conclude that the evidence of record does not preponderate against the trial court's findings. In consideration of the foregoing, and the record as a whole, the judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
David G. Hayes, Judge

_____
William M. Barker, Judge

4