# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### OCTOBER SESSION, 1997

FILED

December 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| SCOTTIE RAY LASTER, | ) | C.C.A. NO. 03C01-9701-CR-00001 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | HAWKINS COUNTY |
| VS. | ) | |
| | ) | HON. JAMES E. BECKNER |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF HAWKINS COUNTY

FOR THE APPELLANT:

RUSSELL MATTOCKS
Public Defender
1609 College Park Drive, Box 11
Morristown, TN 37813-1618

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

C. BERKELEY BELL
District Attorney General

DOUG GODBEE
District Attorney General
Main Street, Courthouse
Rogersville, TN 37857

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Petitioner, Scottie Ray Laster, appeals pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure the trial court's denial of his petition for post-conviction relief. He argues (1) That the guilty pleas he entered were unlawfully induced because (a) counsel for the Petitioner accepted a plea agreement without the Petitioner's consent, and (b) counsel never told him he had the right to refuse to enter the guilty pleas; and (2) that his convictions were based on an indictment issued by a grand jury that was unconstitutionally selected and impaneled. We affirm the judgment of the trial court.

On February 5, 1996, the Petitioner was indicted by the Hawkins County Grand Jury for burglary of an automobile, possession of burglary tools, attempt to commit first degree murder, and vandalism of less than $500. See Tenn. Code Ann. §§ 39-14-402(a)(4), 39-14-701, 39-12-101, 39-14-408. According to the record, it appears that the Petitioner agreed to waive grand jury action and to proceed by information on a fifth count for aggravated burglary. Pursuant to a negotiated plea agreement, the Defendant pleaded guilty to the offenses after a hearing conducted on June 18, 1996. He was sentenced as a standard, Range I offender to one year for the auto burglary conviction, eleven months and twenty-nine days for the conviction for possession of burglary tools, fifteen years for the attempted murder conviction, eleven months and twenty-nine days for the vandalism less than $500 conviction, and three years for the aggravated burglary conviction. The sentences were ordered to run concurrently, for an effective sentence of fifteen years.

The Petitioner filed a pro se petition for post-conviction relief on August 2, 1996. Counsel was appointed and a hearing on the petition was held on October 11, 1996. The trial court denied the petition. It is from the denial of post-conviction relief that the Petitioner appeals.

As his first issue, the Petitioner argues that the guilty plea he entered was not voluntarily or knowingly submitted. He contends that the plea agreement was not entered with his consent and that counsel never informed him that he had the right to withdraw his plea. We note that the Petitioner has not specifically enumerated ineffective assistance of counsel as an issue. However, it appears that the competency of counsel's representation has been raised as an issue affecting the voluntariness of the Petitioner's guilty pleas.

In determining whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To succeed on a claim that his counsel was ineffective at trial, a petitioner bears the burden of showing that his counsel made errors so serious that he was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the petitioner resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 687, reh'g denied, 467 U.S. 1267 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To satisfy the second prong the petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable

probability must be "sufficient to undermine confidence in the outcome." <u>Harris v. State</u>, 875 S.W.2d 662, 665 (Tenn. 1994).

When reviewing trial counsel's actions, this court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. <u>Hellard v. State</u>, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. <u>Strickland</u>, 466 U.S. at 690; <u>see</u> <u>Cooper</u> 849 S.W.2d at 746.

This two part standard of measuring ineffective assistance of counsel also applies to claims arising out of the plea process. <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985). The prejudice requirement is modified so that the petitioner "must show that there is a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." <u>Id.</u> at 59.

The Petitioner testified at the post-conviction hearing that his attorney, Burkett McInturff, discussed accepting a plea at fifteen years. This discussion occurred on the day before the Petitioner was scheduled for trial. The Petitioner testified that he refused the offer. He signed a piece of notebook paper with "a bunch of writing on it." He also signed papers when he entered his plea. The Petitioner stated that he was told he had to agree with what the judge said. He was not sure he knew what statements the papers contained. The Petitioner admitted that he knew what he was charged with, but not the elements of the crimes. He denied reading the waiver of rights form before he signed it, although he stated he did read and sign the form at the guilty plea hearing. The Petitioner stated that on the day of the trial he was surprised that no one was in the

-4-

courtroom and counsel explained that he had signed a plea. He felt like counsel then forced him to take the plea. The Petitioner denied that he understood the questions asked of him by the trial judge, although he had answered that he did understand. He denied that he understood he could have insisted on a jury trial. He stated that he felt pressured to take the plea by his attorney, but not that he was threatened.

On cross-examination, the Petitioner admitted that he had pleaded guilty to offenses as a juvenile and in general sessions court. The Petitioner acknowledged that the aggravated burglary charge occurred after the indictments for the other offenses and that counsel argued for the State to run the offense concurrent with the other four charges as part of the plea agreement. He verified that he signed a waiver of rights and guilty plea forms.

The Petitioner's counsel, Burkett McInturff, testified at the hearing that several persons identified the Petitioner as the one who shot the victim. The Petitioner maintained a position of proceeding to trial until the last minute. Counsel met with the Petitioner several times. After a meeting with him on the day before trial, counsel talked with the district attorney's office regarding a plea agreement. General Godbee wrote down the offer on a piece of paper for counsel to present to the Petitioner. Counsel took the paper and discussed with the Petitioner the evidence in the cases against him. Counsel discussed taking an Alford plea, although he referred to it as a "Nelson" plea. Counsel had the Petitioner sign a handwritten version of the plea agreement on June 17, 1996. Counsel stated that a critical witness for the defense was "on the run" at the time

of trial. He attempted to continue the case but the trial judge insisted that he wanted the case tried.

In denying the petition, the trial court concluded that counsel fully investigated the case. There was evidence that he interviewed and attempted to locate witnesses. Counsel filed motions and vigorously argued the case as well as spent considerable time explaining the case to the Petitioner. Counsel also made an effort to have the Petitioner sign papers reflecting that he acknowledged the plea agreement. Finally, the trial court credited counsel's testimony and rejected that of the Petitioner. We note that under the provisions of the Post-Conviction Procedure Act of 1995, a petitioner bears the burden of proving the allegations in the petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (Supp. 1996). In reviewing post-conviction proceedings, "the factual findings of the trial court are conclusive unless the evidence preponderates against such findings." Cooper v. State, 849 S.W.2d 744, 746 (Tenn.1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn.1990). From the record before us, we cannot conclude that the evidence preponderates against the findings of the trial court that counsel's performance was within the range of competency expected of defense counsel. Thus, the Petitioner has failed to establish a claim of ineffective assistance.

We now address in general the Peititioner's claim that his guilty plea was not voluntarily or knowingly entered. In Boykin v. Alabama, 395 U.S. 238 (1969), the United States Supreme Court held that the record must show that a guilty plea was made voluntarily, understandingly and knowingly. In Boykin, the Court held that an entry of a guilty plea effectively constituted a waiver of the

constitutional rights against compulsory self-incrimination, the right to confront one's accusers, and the right to trial by jury. Id. at 243. If a guilty plea is not voluntary and knowing, it has been entered in violation of due process and is, therefore, invalid.

A voluntary plea cannot be found from a silent record. Boykin, 395 U.S. at 242. Pursuant to its supervisory power, our supreme court has imposed more stringent standards for trial courts to employ when advising defendants during guilty pleas to provide an adequate record that will insure constitutional compliance. State v. Mackey, 553 S.W.2d 337 (Tenn.1977).

> [T]he court must address the defendant personally in open court and inform him of, and determine that he understands, the following:
>
> (1) The nature of the charge to which the plea is offered, and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and, if applicable, that a different or additional punishment may result by reason of his prior convictions or other factors which may be established in the present action after the entry of his plea; and
>
> (2) If the defendant is not represented by an attorney, that he has a right to be represented by an attorney at every stage of the proceeding against him, and if necessary, one will be appointed to represent him; and
>
> (3) That he has a right to plead not guilty or to persist in that plea if it has already been made, and, that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and
>
> (4) That if he pleads guilty, there will not be a further trial of any kind except to determine the sentence so that by pleading guilty he waives the right to a trial; and
>
> (5) That if he pleads guilty, the court or the state may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement, and, further, that, upon the sentencing hearing, evidence of any prior convictions may be presented to the judge or jury for their consideration in determining punishment.

Mackey, 553 S.W.2d at 341. However, post-conviction relief may be granted only if a conviction or sentence is void or voidable because of a violation of a constitutional right. Tenn. Code Ann. § 40-30-105 (repealed 1995). As was pointed out in State v. Neal, 810 S.W.2d 131 (Tenn. 1991), violation of the advice litany required by either Mackey or Tennessee Rule of Criminal Procedure 11 which is not linked to a specified constitutional right is not cognizable in a suit for post-conviction relief. See State v. Prince, 781 S.W.2d 846 (Tenn.1989). Moreover, it is the result, not the process, that is essential to a valid plea. Johnson v. State, 834 S.W.2d 922, 923-24 (Tenn. 1992). The critical inquiry is whether the Petitioner had knowledge of certain rights and waived those rights knowingly and voluntarily, not whether the trial court was the source of that knowledge.

The transcript of the hearing on the guilty plea reveals that the trial court fully complied with the requirements enumerated in Mackey. In the hearing, the Petitioner denied that he had any condition that would impair his ability to understand the proceedings. He acknowledged that he understood the charges and the trial court comprehensively explained the offenses and the elements that constituted each offense. The Petitioner stated that he understood the offenses as well as the sentencing range, range of punishment and release eligibility. The Petitioner agreed that he signed a waiver of rights, understood what he was signing and that counsel explained it to him. The Petitioner was again informed in open court that he had the right to plead not guilty, but chose not to exercise that right. The Petitioner denied that any threats were used to secure a guilty plea and stated that he was satisfied with counsel's representation.

In conjunction with the testimony received at the post-conviction hearing, we cannot conclude that the trial court erred in finding that the Petitioner entered his plea voluntarily. The trial judge recalled the Petitioner's demeanor from the guilty plea hearing, and stated that he made no indication that he did not understand the proceedings. In fact, the trial court suggested that the Petitioner had offered perjured testimony at the post-conviction hearing. The evidence does not preponderate against the findings of the trial court. This issue is without merit.

In his second primary issue, the Petitioner claims that his conviction was based on action of a grand or petit jury that was unconstitutionally selected and impaneled. Specifically, he alleges that the jury panels for the term of court "during which his case would have been tried" were predominantly selected from towns in the portion of Hawkins County where the victim lived. The State argues that the Petitioner has not cited any authority and has therefore waived consideration of the issue pursuant to Rule 10(b) of the Tennessee Rules of the Court of Criminal Appeals. We agree. Beyond this, an examination of the record shows that the Petitioner has not provided us with sufficient evidence to evaluate this issue on its merits. The Petitioner has submitted statistics that show the percentage of jurors from certain towns. However, he has presented no evidence that demonstrates the process for selecting jurors nor any irregularities in the selection process. Therefore, we cannot address whether any matters concerning the jury or the selection from the venire were in any way irregular or prejudiced the Petitioner in any way.

Accordingly, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
GARY R. WADE, JUDGE


_____
JERRY L. SMITH, JUDGE