IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

# TRACY ALLEN CLOUGH v. STATE OF TENNESSEE

## Direct Appeal from the Criminal Court for Knox County
### No. 68656, Ray L. Jenkins, Trial Judge

---

### No. E1999-02145-CCA-R3-PC - Decided June 29, 2000

---

Tracy Allen Clough appeals from the Knox County Criminal Court's denial of his petition for post-conviction relief following an evidentiary hearing. In this appeal, the appellant collaterally attacks his misdemeanor conviction, following his guilty plea in the General Sessions Court upon grounds that his plea was not knowingly and voluntarily entered. Specifically, he asserts that the court failed to advise him of his constitutional rights and the consequences of his guilty plea. We affirm the post-conviction court's denial of the petition.

**Tenn. R. App. P. 3(b) Appeal as of Right; Judgment of the Criminal Court affirmed.**

HAYES, J. delivered the opinion of the court, in which WITT, and OGLE, JJ., joined.

Tracy Allen Clough, Knoxville, Tennessee, Pro Se

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Patricia C. Kussmann, Assistant Attorney General, Randall E. Nichols, District Attorney General, and Zane Scarlett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The appellant, Tracy Allen Clough, proceeding *pro se*, appeals as of right the Knox County Criminal Court's dismissal of his petition for post-conviction relief. In this appeal, the appellant contends that his guilty plea in the Knox County General Sessions Court to one count of stalking was not voluntarily and knowingly entered, because he was not advised of his constitutional rights before the court accepted his plea.

After a review of the record, we affirm.

## Background

As is the case in most *pro se* proceedings, the record before us is scant and absent pertinent documents relevant to our determination of the issue presented. Although the appellant challenges his conviction in the General Sessions Court, we have not been provided copies of the judgment of conviction, the arrest warrant, the appellant's waiver of right to a trial by jury or any other supporting documents. It is undisputed, however, that, on August 5, 1998, the appellant pled guilty in the Knox County General Sessions Court to one count of stalking and was sentenced to "time served," followed by one year probation. The guilty plea followed representation by five attorneys and thirteen appearances in the General Sessions Court, including one bond revocation and a mental health evaluation. The appellant testified that, prior to his release, he was incarcerated in the Knox County jail for five months. The appellant's conviction stems from his stalking of a female victim with whom he was acquainted.[1] We glean from the various pleadings filed in the record by the appellant that the victim and the appellant were allegedly married at the time of this offense. The victim was a nude dancer with employment at the Mouse's Ear Lounge in Knox County. The State casts doubt upon the validity of the parties' marriage asserting at the post-conviction hearing that the appellant, who personally conducted the marriage ceremony, had married the victim in her absence. The appellant alleges that he is an evangelist with the Evangel World Outreach Ministries Assemblies Partners and Associates.

At the post-conviction hearing, the appellant testified that he pled guilty to the offense of stalking "under duress" as it was the only "way to get out of jail." In his petition, he asserts that his guilty plea was "by way Judicial Cruption (sic) Fatigued (sic) in to Plea Guilty by Pretended Offense And Excessive Bail Just to Get out of Jail." Additionally, he adamantly denied that the trial court advised him of his right to a preliminary hearing, that his misdemeanor conviction for stalking could be used to enhance any future convictions for stalking, and that he had the right to testify on his own behalf.

In rebuttal, the State presented the testimony of the assistant district attorney who prosecuted the State's case against the appellant in General Sessions Court. The prosecutor explained the protracted history of this case, relating that many of the delays were caused by the appellant's continuing contact with the victim, ultimately resulting in revocation of bond, the filing of numerous motions by the appellant, and the State's request for a mental evaluation. He additionally explained that the court fully advised the appellant of all of his constitutional rights before the entry of the plea. Following the hearing, the post-conviction court entered its order, finding that the appellant has failed to show by clear and convincing evidence that the trial court did not advise him of his constitutional rights to a jury trial.

**Analysis**

---

[1]The appellant has filed civil causes of action in both the Circuit and Chancery Courts of Knox County alleging intentional interference by a named third party of the marital relationship between him and the victim. As a result of the third party's "continuing course of overpowering seduction," he asserts that his wife has become "exhausted and weak-willed."

In determining the propriety of a ruling in a post-conviction proceeding, this court is guided by several well-established principles. First, the findings of fact of the post-conviction court have the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against its judgment. Davis v. State, 912 S.W.2d 689 , 697 (Tenn. 1995). This court may not reweigh or reevaluate the evidence or substitute its inferences for those drawn by the post-conviction court. Finally, questions concerning credibility of witnesses and the weight and value to be given their testimony are for resolution by the post-conviction court. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

Again, the appellant alleges that his guilty plea failed to comply with the constitutional mandates of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969), and State v. Mackey, 553 S.W.2d 337 (Tenn.1977). In order for a plea to be deemed knowingly and voluntarily entered, an accused must be informed of the rights and circumstances involved and nevertheless choose to waive or relinquish those rights. State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977). Boykin requires the intentional relinquishment or abandonment of the accused's right against self-incrimination, the right to confront one's accusers, and the right to a trial by jury. Id. Even though, our supreme court imposed, in State v. Mackey, more stringent standards for trial courts to employ when advising defendants during guilty pleas, post-conviction relief may be granted only if a conviction or sentence is void or voidable because of a violation of a constitutional right. See Tenn. Code Ann. § 40-30-203 (1997). Indeed, a violation of the advice litany required by either Mackey or Rule 11, Tenn. R. Crim. P., which is not linked to a specified constitutional right is not cognizable in a petition for post-conviction relief. See State v. Prince, 781 S.W.2d 846 (Tenn. 1989).

In determining whether a guilty plea was knowing and voluntary, this court must look at the totality of the circumstances. State v. Turner, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995). Indeed, it is the result, not the process, that is essential to a valid plea. Johnson v. State, 834 S.W.2d 922, 923-924 (Tenn. 1992). Thus, the critical inquiry is whether the appellant had knowledge of certain rights and waived those rights knowingly and voluntarily, not whether the trial court was the source of that knowledge. In making this determination, this court can review any relevant evidence in the record. Turner, 919 S.W.2d at 353.

In the present case, we conclude that, under the totality of the circumstances, the post-conviction court did not err when it found that the appellant's guilty plea was entered voluntarily, knowingly, and intelligently. The appellant was represented by competent counsel at the time of his plea and had been represented by a total of five attorneys during the course of this case. The prosecutor at the General Sessions level testified that the trial court informed the appellant of his constitutional rights numerous times. Moreover, the appellant, as evidenced by his filing of numerous *pro se* petitions, motions, memoranda, and complaints with the court, is well versed in his legal rights and obligations. Finally, the appellant conceded that he pled guilty to "get out of jail." In sum, the record supports the findings of the post-conviction court that the appellant was advised of and was aware of his constitutional rights and that he entered his plea voluntarily, knowingly, and intelligently.

After a review of the record before this court, we conclude that the appellant has failed to

prove his allegations by clear and convincing evidence.  <u>See</u>  Tenn. Code Ann. § 40-30-210(f) (1997).  Accordingly, the judgment of the post-conviction court dismissing the appellant's petition is affirmed.