IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 8, 2001

## MICHAEL THOMAS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 22071     James C. Beasley, Jr., Judge**

---

**No. W2000-01886-CCA-R3-PC  - Filed July 11, 2001**

---

The Defendant, Michael Thomas, appeals as of right from the denial of post-conviction relief after an evidentiary hearing.  On appeal, he asserts that his guilty plea was not knowing and voluntary and that he was denied the effective assistance of counsel.  We find no merit to the Defendant's assertions; thus, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which ALAN E. GLENN, J. and L.T. LAFFERTY, SR.J., joined.

Charles W. Gilchrist, Jr., Memphis, Tennessee, for the appellant, Michael Thomas.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; William L. Gibbons, District Attorney General; and Paula Wulff, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On July 31, 1997, the Defendant was indicted for first degree murder.  He subsequently pled guilty to the lesser included offense of second degree murder on August 25, 1999, in exchange for a fifteen year sentence.  At the plea hearing, the Defendant indicated that he understood the rights he was giving up by pleading guilty, that he wanted to plead guilty in exchange for a fifteen year sentence as a violent offender, and that he was satisfied with the representation of his attorney.  The trial court accepted the Defendant's plea and sentenced him to the agreed upon sentence of fifteen years in the Department of Correction as a violent offender.

On October 20, 1999, the Defendant filed a pro se petition for post-conviction relief; the petition was later amended with the assistance of counsel, and an evidentiary hearing was held on March 30 and June 30, 2000.  At the evidentiary hearing, the Defendant testified that he entered an

Alford plea to second degree murder in exchange for a fifteen year sentence because he felt that it was in his best interest. However, the Defendant asserted that he thought he was pleading as a Range I, standard offender, with release eligibility after serving thirty percent of his sentence. Although he admitted that the trial court informed him that he was pleading as a violent offender, he nevertheless thought that he could be released from prison after serving thirty percent of his sentence. The trial court never stated during the plea hearing that he would have to serve one hundred percent of his sentence. He claimed that his counsel told him he could be released after serving thirty percent of his sentence and that she never informed him that he would be required to serve his entire sentence. According to the Defendant, if he had understood that he would have to serve his entire fifteen year sentence, he would not have accepted the plea offer. The Defendant also complained that his counsel never obtained a motion hearing and that she did not adequately investigate his case.

Diane Thackery, the Defendant's appointed trial counsel, testified that she has been practicing law for twelve years, ten of which have been spent at the public defender's office. She explained that she was able to negotiate a plea agreement with the State for the Defendant to receive the minimum sentence for second degree murder in exchange for his plea. She asserted that she explained to the Defendant that he would serve his sentence at one hundred percent. According to Ms. Thackery, she joked with the Defendant about him being the age that she is now when he was released from prison.

Ms. Thackery testified that it was always the Defendant's desire to plead guilty and not go to trial and that the State had always indicated that it would settle. However, Ms. Thackery was prepared to represent the Defendant had the case gone to trial. She testified that motions had been filed in the Defendant's case, and they were scheduled to be heard on the day of trial. Because the Defendant did not go to trial, the motions were never heard. Ms. Thackery stated that she visited the Defendant in jail about once a month, and the Defendant called her office frequently to talk about the case. Ms. Thackery said that she kept the Defendant apprized about his case, and the Defendant cooperated with her during their visits and phone conversations. She did not request a mental evaluation for the Defendant because she did not feel that one was necessary. She said that the Defendant was smarter than the average individual whom she represented.

To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. Tenn. Code Ann. § 40-30-210(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not reweigh or reevaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578-79.

Following the evidentiary hearing in this case, the trial judge specifically found that the Defendant "entered his guilty plea freely and voluntary without any threats or coercion after being

fully advised of his rights by not only the Judge but based on testimony by counsel." He found no deficiencies in Ms. Thackery's representation of the Defendant, and he thus denied the Defendant post-conviction relief. We find no error in the trial judge's actions.

### VOLUNTARY AND KNOWING GUILTY PLEA

When a guilty plea is entered, a defendant waives certain constitutional rights, including the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront witnesses. Boykin v. Alabama, 395 U.S. 238, 243 (1969). "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." Id. at 242. Thus, in order to pass constitutional muster, a guilty plea must be voluntarily, understandingly, and intelligently entered. See id. at 243 n.5; Brady v. United States, 397 U.S. 742, 747 n.4 (1970). To ensure that a guilty plea is so entered, a trial court must "canvass[ ] the matter with the accused to make sure he [or she] has a full understanding of what the plea connotes and of its consequence[s]." Boykin, 395 U.S. at 244. The waiver of constitutional rights will not be presumed from a silent record. Id. at 243.

In State v. Mackey, 553 S.W.2d 337 (Tenn. 1977), the Tennessee Supreme Court set forth the procedure for trial courts to follow in Tennessee when accepting guilty pleas. Id. at 341. Prior to accepting a guilty plea, the trial court must address the defendant personally in open court, inform the defendant of the consequences of a guilty plea, and determine whether the defendant understands those consequences. See id.; Tenn. R. Crim. P. 11. A verbatim record of the guilty plea proceedings must be made and must include, without limitation, "(a) the court's advice to the defendant, (b) the inquiry into the voluntariness of the plea including any plea agreement and into the defendant's understanding of the consequences of his entering a plea of guilty, and (c) the inquiry into the accuracy of a guilty plea." Mackey, 553 S.W.2d at 341.

However, a trial court's failure to follow the procedure mandated by Mackey does not necessarily entitle the defendant to post-conviction relief. See State v. Prince, 781 S.W.2d 846, 853 (Tenn. 1989). Only if the violation of the advice litany required by Mackey or Tennessee Rule of Criminal Procedure 11 is linked to a specified constitutional right is the challenge to the plea cognizable in post-conviction proceedings. See Bryan v. State, 848 S.W.2d 72, 75 (Tenn. Crim. App. 1992). "Whether the additional requirements of Mackey were met is not a constitutional issue and cannot be asserted collaterally." Johnson v. State, 834 S.W.2d 922, 925 (Tenn. 1992).

The record in this case reveals that the trial court followed the procedure mandated by Mackey when it accepted the Defendant's guilty plea. At the plea hearing, the Defendant asserted that he understood the rights he was giving up and that he wanted to plead guilty. He asserted that he understood that he was pleading guilty to second degree murder in exchange for a fifteen year sentence as a violent offender. However, he now claims that he thought he would be eligible for release after serving thirty percent of his sentence. Ms. Thackery, the Defendant's trial counsel, testified that she explained to the Defendant that he was pleading as a violent offender and that he would have to serve his entire sentence. The trial court accredited the testimony of the Defendant's trial counsel and concluded that the Defendant knew full well what he was doing when he entered

the plea. We conclude that the evidence does not preponderate against this determination. Accordingly, we hold that the trial court did not err by denying the Defendant post-conviction relief based upon the involuntary nature of his guilty plea.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The Defendant also asserts that his trial counsel was ineffective. He claims that his counsel failed to adequately explain the plea agreement, that she failed to investigate his case properly, that she did not obtain any evidentiary hearings, and that she failed to communicate with him.

Both the Sixth Amendment to the United States Constitution and Article I, § 9 of the Tennessee Constitution guarantee a defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to counsel includes the right to effective counsel. See Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936; Strickland v. Washington, 466 U.S. 668, 686 (1984).

To determine whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936; Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). To succeed on a claim that his or her counsel was ineffective at trial, a defendant bears the burden of showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the defendant resulting in a failure to produce a reliable result. Strickland, 466 U.S. at 687; Burns, 6 S.W.3d at 461; Hicks, 983 S.W.2d at 245. To satisfy the second prong, the defendant must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the defendant's guilt. See Strickland, 466 U.S. at 694-95. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994); Owens v. State, 13 S.W.3d 742, 750 (Tenn. Crim. App. 1999).

When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Owens, 13 S.W.3d at 749. Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. See Strickland, 466 U.S. at 690; Hicks, 983 S.W.2d at 246.

This two part standard of measuring ineffective assistance of counsel also applies to claims arising out of the plea process. Hill v. Lockhart, 474 U.S. 52, 57 (1985). The prejudice requirement is modified so that the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Hicks, 983 S.W.2d at 246.

We conclude that the Defendant failed to meet his burden of proving his trial counsel ineffective. Other than vague accusations, the Defendant offered no proof of how Ms. Thackery was

ineffective. The Defendant's vague accusations were contradicted by Ms. Thackery, who testified that she was prepared to represent the Defendant at trial, that she was prepared to argue pre-trial motions, that she kept the Defendant informed about his case, and that the Defendant understood what he was doing by pleading guilty. Again, the trial court accredited the testimony of Ms. Thackery and found that the Defendant was not entitled to post-conviction relief. We find no error in this determination.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE