IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 5, 2002

## TERRANCE PERKINS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-20612     W. Fred Axley, Judge**

_____

**No. W2000-02910-CCA-MR3-PC - Filed March 21, 2002**

_____

The Appellant, Terrance Perkins, appeals the dismissal of his petition for post-conviction relief by the Shelby County Criminal Court. In 1998, Perkins pled guilty to two counts of attempted first-degree murder, five counts of aggravated assault, one count of felon in possession of a handgun, and one count of felony escape. Perkins, a Range I Standard Offender, received an effective thirty-one-year sentence to be served in the Department of Correction. On appeal, Perkins, challenges the validity of his guilty plea upon grounds of: (1) voluntariness and (2) ineffective assistance of counsel. After a review of the record, the judgment of the post-conviction court dismissing the petition is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Clifford E. Whitaker, Jr., Memphis, Tennessee, 38122, for the Appellant, Terrance Perkins.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Jennifer L. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and Julie Mosley, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On October 30, 1997, the Appellant, an escapee from the Shelby County Penal Farm, fired shots at Jerome Knox and "Lefty" Lane, after he was told he could not continue to reside at a rooming house located at 1096 South Lauderdale. The Appellant then left the scene in a car driven by his mother's boyfriend, and proceeded to 1052 South Lauderdale, a grocery store owned by

Timothy Pegues. Outside the store, the Appellant fired several shots at Henry Horace Knox, a relative of Jerome Knox; thereby endangering both Henry Horace Knox and Lataryl Diggins, who was on a ladder in front of the store. Henry Horace Knox proceeded inside the store, followed by the Appellant. As the Appellant entered the store, Mark Steward, a grocery store employee, "attempted to stop the [Appellant] from coming in and told him that there was a small child in the store and not to come in." After the Appellant "pushed into the store," Mark Steward began to run toward the back of the store. Then, the Appellant began to shoot inside the store, and, in retaliation, store-owner Pegues fired a shot at the Appellant. The Appellant returned fire in Pegues direction, and in the process, shot six-year-old DeAngelo Redden twice. The Appellant left the store in the car with his mother, and was later arrested.

On November 13, 1997, the Appellant was indicted, by a Shelby County Grand jury, on two counts of attempted first-degree murder, five counts of aggravated assault, and one count of felon in possession of a handgun. He was later indicted on one count of felony escape. On May 1, 1998, pursuant to a negotiated plea agreement, the Appellant pled guilty to the November 13th indicted offenses and felony escape, and received an effective thirty-one-year sentence. On November 12, 1998, the Appellant filed a *pro se* petition for post-conviction relief. After counsel was appointed to assist the Appellant, an amended petition was filed. An evidentiary hearing was conducted on May 6, 1999, and thereafter, the post-conviction court dismissed the Appellant's petition for post-conviction relief. This timely appeal followed.

## ANALYSIS

In order to succeed on a post-conviction claim, the Appellant bears the burden of showing by clear and convincing evidence, the allegations set forth in his petition. Tenn. Code Ann. § 40-30-210(f) (1997). The Appellant's claim of ineffectiveness of counsel and involuntariness of his guilty plea, as set forth in his petition, stem from the following allegations:

(1) The trial court erred by not advising the Appellant of the nature of the charges against him, pursuant to Tennessee Rules of Criminal Procedure 11(c)(1).

(2) The trial court erred by not informing the Appellant before accepting a plea of guilty, that the court may ask questions about the offense and that those statements could be used against him later in a prosecution for perjury or false statement pursuant to Tennessee Rules of Criminal Procedure 11(c)(5).

(3) The Appellant based his plea decision on his attorney's advice that he could receive eighty-four (84) years in prison, of which he would have to serve eighty-five percent (85%) before becoming release eligible, if he went to trial and lost. . . . The Appellant was not told that he would only have to serve thirty percent (30%) of the sentence before becoming release eligible.

-2-

(4) Trial counsel was deficient in not filing with the court a petition to withdraw the guilty plea when requested by the Appellant.

## I. Voluntariness of the Plea

The Appellant contends his guilty plea was not knowingly, intelligently, and voluntarily entered because his guilty plea failed to comply with the constitutional mandates of *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709 (1969), and *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977). Specifically, the Appellant argues that the trial court, as required by Tennessee Rule of Criminal Procedure 11(c), did not advise him of the nature of the charges to which he was pleading guilty or that the court may ask questions about the offense and those statements could be used against him later in a prosecution for perjury or false statement.

In order for a plea to be deemed knowingly and voluntarily entered, an accused must be informed of the rights and circumstances involved and nevertheless choose to waive or relinquish those rights. *Mackey*, 553 S.W.2d at 340. *Boykin* requires the intentional relinquishment or abandonment of the accused's right against self-incrimination, the right to confront one's accusers, and the right to a trial by jury. *Id.* Any other requirement of *Mackey* in excess of *Boykin* is not based upon any constitutional provision, federal or state. *State v. Prince*, 781 S.W.2d 846, 853 (Tenn. 1989). Even though, our supreme court imposed, in *Mackey*, more stringent standards for trial courts to employ when advising defendants during guilty pleas, post-conviction relief may be granted only if a conviction or sentence is void or voidable because of a violation of a constitutional right. *See* Tenn. Code Ann. § 40-30- 203 (1997). Indeed, a violation of the advice litany required by either *Mackey* or Rule 11 which is not linked to a specified constitutional right is not cognizable in a petition for post-conviction relief. *See Prince*, 781 S.W.2d at 853.

A review of the record reveals a failure by the trial court to provide all of the constitutionally required advice under *Boykin, i.e.,* the trial court neglected to inform the accused of his right against self-incrimination and right to trial by jury. When a trial court fails to advise a defendant of these rights, the burden shifts to the State to prove a constitutional plea. *Johnson v. State*, 834 S.W.2d 922, 925 (Tenn. 1992). However, the failure does not, in and of itself, entitle the petitioner to relief. *Id*. The State may prove by clear and convincing evidence substantial compliance with the advice requirement by showing either that the Appellant was made aware of his constitutional rights, or that the Appellant independently knew of his constitutional rights, rendering the trial court's omission harmless. *Id.*

The standard for determining substantial compliance or harmless error necessarily requires inquiry into circumstantial factors surrounding the plea. *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). The relative intelligence of the Appellant, the degree of his familiarity with criminal proceedings, the opportunity to confer with competent counsel regarding plea options, the extent of advice from counsel and the trial court regarding the charges faced, and the desire to avoid a greater punishment resulting from a jury trial are all relevant factors a trial court can use to find a "knowing" and "intelligent" plea. *Id*. (citing *Caudill v. Jago*, 747 F.2d 1046, 1052 (6th Cir. 1984)).

The post-conviction court essentially determined that the trial court substantially complied with the advice requirement by finding that the Appellant was made aware of his constitutional rights, rendering the trial court's omission harmless. The post-conviction court found that,

> [p]etitioner affirmatively recognized he was foregoing his right to trial, that he had a right to confront his accusers and that he had a right to be free from self-incrimination. Petitioner then told Judge Dailey he was entering the plea freely and voluntarily.

> Petitioner has not made any factual assertions which would illustrate any misunderstanding of the implications of his guilty plea or that the plea was entered as a result of anything less than Petitioner's own free will.

The record reflects that in addition to the litany of rights provided by the sentencing court, the Appellant also signed a form document entitled "Petition for Waiver of Trial by Jury and Request for Acceptance of Plea of Guilty," whereby the Appellant acknowledged his right to a trial by jury and right against trial self-incrimination. At the guilty plea and post-conviction proceedings, the Appellant intelligently asked and answered questions. The Appellant also had the opportunity to confer with competent counsel regarding plea options, and he received advice from counsel and the trial court regarding the charges faced. By entering a guilty plea, the Appellant desired to avoid a greater punishment which may have resulted from a jury trial. We find the evidence does not preponderate against the post-conviction court's finding that the trial court substantially complied with the advice requirements of *Boykin.* Therefore, the issue is without merit.

## II. Ineffective Assistance of Counsel

To succeed in a challenge for ineffective assistance of counsel, the Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. In the context of a guilty plea, to satisfy the second prong of *Strickland*, the Appellant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985); *Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d)); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). However, *conclusions of law* are reviewed under a purely *de novo* standard, with no presumption of

correctness. *Fields*, 40 S.W.3d at 458. Upon *de novo* review, accompanied by a presumption that the post-conviction court's findings are correct, this court must determine whether the Appellant received the effective assistance of counsel.

## A. Sentencing Information

The Appellant argues that "his trial counsel did not fully advise him about his appropriate range of punishment, [and he] may not have entered a guilty plea if he had been appropriately advised."[1] Specifically, the Appellant argues that he

> based his plea decision on his attorney's advice that he could receive eighty-four (84) years in prison, of which he would have to serve eighty-five percent (85%) before becoming release eligible, if he went to trial and lost. . . . However, the Appellant was not told that he would only have to serve thirty percent (30%) before becoming release eligible.[2]

With regard to this issue, the following testimony was developed at the post-conviction hearing:

PROSECUTOR:
> Q. And he has testified today that you induced him to plead guilty, even though he doesn't think that was in his best interest, by further explaining that you explained to him that Judge Dailey could sentence him potentially up to 84 years at possibly 85 percent, and that the state was, in fact, offering something like 30 years at considerably less. Would that be more or less accurate?

TRIAL COUNSEL:
> A. I have not tallied up today what he was looking at, but I do think it's important for me to tell my clients their minimum and maximum exposure on a case because they have to make a decision about how they want to proceed with their charge, so I would have told him that. . . .

---

[1]We note that the Appellant, in his brief, separately argues that the failure to fully advise him of the appropriate range of punishment resulted in an involuntarily entered plea. However, since this is essentially the same argument, we will only analyze it in this section of the opinion. Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. *See North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 164 (1970).

[2]The crimes to which the Appellant pled guilty are not required to be served at 100% of the sentence imposed. *See* Tenn. Code Ann. § 40-35-501 (2001). The percentage to be served by the Appellant would have been based upon the appropriate range for sentencing.

CROSS EXAMINATION - POST-CONVICTION COUNSEL:

Q. Did you ever tell Mr. Perkins that he would be serving the sentence at a hundred percent, whatever he got?

A. No. I told him that – I can't remember what range he pled out.

Q. I believe he pled to range one, thirty percent.

A. If he pled to range one, then I would have explained to him that range.

To satisfy the first prong of *Strickland,* the Appellant in the present case must prove by clear and convincing evidence that trial counsel did in fact erroneously advise him of parole eligibility. *Walton v. State*, 966 S.W.2d at 55. "Once established, the burden still remains on the [A]ppellant to show that but for trial counsel's erroneous advice he would have not pled guilty"and proceeded to trial. *Id.; see Hill v. Lockhart*, 474 U.S. at 60, 106 S. Ct. at 371. The post-conviction court determined the Appellant failed to prove that he received erroneous advice from trial counsel regarding parole eligibility. Furthermore, the Appellant failed to show by clear and convincing evidence that but for trial counsel's erroneous advice, he would have not pled guilty and proceeded to trial.

The post-conviction court obviously credited the testimony of trial counsel. This court will not reweigh or reevaluate the evidence; nor substitute our inferences for those drawn by the post-conviction judge, unless the preponderance of the evidence is otherwise. *Fields*, 40 S.W.3d at 858; *see also Black v. State*, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are resolved by the post-conviction judge not this court. *Black*, 794 S.W.2d 755. We defer to the findings of the post-conviction court, and agree that the Appellant has failed to establish trial counsel was ineffective for failing to advise him of the proper release date for his crimes.

**B. Petition to Withdraw Plea**

The Appellant contends that "trial counsel was deficient in not filing with the court a petition to withdraw plea when requested by the Appellant." Although a defendant does not have a unilateral right to withdraw a knowing and voluntarily guilty plea, *see State v. Anderson*, 645 S.W.2d 251, 254 (Tenn. Crim. App. 1982), Tennessee Rule Criminal Procedure 32(f) permits a defendant to withdraw a plea of guilty, prior to sentencing, if he establishes "a fair and just reason" for doing so. After sentencing occurs but before the judgment becomes final, a court may permit a defendant to withdraw the plea only to "correct manifest injustice." Tenn. R. Crim. App. 32(f). As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed. *See* Tenn. R. App. P. 4 (a), (c); *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996).

In the present case, the trial court entered judgments of conviction and sentence was imposed on May 1, 1998. Therefore, the judgments became final May 31, 1998. The Appellant testified that he wrote trial counsel a letter within three days after judgment advising her of his desire to withdraw his plea; whereas, trial counsel testified that she was not contacted by the Appellant about his desire to withdraw his plea until late June or July. The post-conviction court obviously accredited the testimony of trial counsel. Again, questions concerning the credibility of witnesses and the weight to be given their testimony are for resolution by the post-conviction court. *Black*, 794 S.W.2d at 755. In June or July, it was impermissible to file a motion to withdraw the Appellant's guilty plea because the judgment had become final. Accordingly, we conclude that the Appellant received the effective assistance of counsel, and this issue is without merit.

## CONCLUSION

Based upon the foregoing, we find that the post-conviction court did not err in ruling that the Appellant's plea was knowingly, intelligently, and voluntarily entered or that he received the effective assistance of counsel. Accordingly, the judgment of the post-conviction court is affirmed.

_____
DAVID G. HAYES, JUDGE