# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### July 19, 2005 Session

## KEVIN JERRON COOK v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 97-D-2687      Cheryl Blackburn, Judge**

---

### No. M2004-02413-CCA-R3-PC - Filed October 6, 2005

---

In this post-conviction action the petitioner contends that: (1) trial counsel was ineffective in failing to advise him of the effect his plea would have on his eligibility for rehabilitative programs and less restrictive forms of confinement during his federal sentence; and (2) his plea was involuntary and unknowing. Following our review, we conclude that counsel was not ineffective for failing to advise the petitioner of a collateral consequence of his plea and that his plea was knowingly and voluntarily entered. Therefore, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Cynthia M. Fort, Nashville, Tennessee, for the appellant, Kevin Jerron Cook.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Bret T. Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

The defendant, Kevin Jerron Cook, pled guilty to one count of possession of over .5 grams of cocaine with intent to sell (case number 2001-A-75; a Class B felony) and was sentenced as a Range I, standard offender, to ten years in the Department of Correction. The sentence was ordered concurrent to a one-hundred-twenty-one-month sentence previously issued in Federal District Court on case numbers 3:00-00188-09 and 3:01-00097.[1] At that time, the trial court also revoked the petitioner's probation issued upon the petitioner's earlier plea to the charge of aggravated assault (case number 97-D-2687; a Class C felony) and sentenced the petitioner to three years as a Range

---

[1] The nature of the federal charges is not apparent from the record.

I, standard offender. That sentence was ordered to run consecutively to the federal sentence and the ten-year sentence for drug possession.

On April 1, 2003, the petitioner filed a petition for post-conviction relief, asserting that: (1) trial counsel was ineffective in failing to negotiate a concurrent sentence on the charge of aggravated assault, in that his consecutive sentence rendered him ineligible for rehabilitative programs and less restrictive forms of incarceration for the duration of his federal sentence; and (2) his plea was not knowingly and voluntarily entered because counsel failed to fully explain the effect the three-year detainer would have on his federal sentence. Although the post-conviction court set the matter for an evidentiary hearing, the petitioner's counsel indicated that a hearing was not necessary and filed pleadings in support of the petition. The post-conviction court ultimately dismissed the petition by written order. The petitioner now appeals to this court, presenting his claims of ineffective assistance and an involuntary and unknowing plea. Upon thorough review, we affirm the denial of the petition.

Analysis

I. Ineffective Assistance of Counsel

When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving that: (1) counsel's performance was deficient; and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). This standard has also been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S .W.2d 417, 419 n.2 (Tenn. 1989). When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently, and, but for counsel's errors, the petitioner would not have pled guilty but would have, instead, insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court required that the services be rendered within the range of competence demanded of attorneys in criminal cases. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002).

The petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle the petitioner to relief. Tenn. Code Ann. § 40-30-210(f). This court is bound by the post-conviction court's findings of fact unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001).

In the present case, the petitioner claims that trial counsel was ineffective in negotiating a

consecutive sentence on the charge of aggravated assault because it, in effect, placed a detainer on him for the entirety of his federal sentence, rendering him ineligible for rehabilitative programs and minimal measures of detention.

In Tennessee, when a claim of ineffective assistance of counsel is based on inadequate advice concerning a guilty plea, courts generally distinguish between failure to inform of the direct and indirect consequences of the guilty plea. While counsel's failure to inform a petitioner of the direct consequences of a guilty plea may constitute ineffective assistance of counsel, generally failure to inform of the indirect consequences of a guilty plea does not. See Adkins v. State, 911 S.W.2d 334 (Tenn. Crim. App. 1994). This distinction "turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." Id. (quoting Torrey v. Estelle, 842 F.2d 234, 236 (9th Cir. 1988)).

Upon review, we conclude that the effect of the petitioner's plea on his eligibility for rehabilitative programs and less restrictive forms of confinement is a collateral consequence of his plea. Indeed, the petitioner's ineligibility for these programs did not have a definite, immediate, or automatic effect on the range of his sentence but, rather, impacted only his entitlement to beneficial programs during a separate federal sentence. Therefore, we cannot conclude that trial counsel's failure to advise the petitioner as to this collateral consequence amounted to ineffective assistance of counsel.

## II. Involuntary and Unknowing Plea

Second and finally, the petitioner contends that counsel failed to fully explain the effect the three-year detainer would have on his federal sentence, rendering his plea of guilty involuntary and unknowing. Our supreme court has stated the following:

> The cases of Boykin v. Alabama and State v. Mackey are the landmark constitutional cases for analyses of guilty pleas. Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709 (1969) (federal standard); State v. Mackey, 553 S.W.2d 337 (Tenn. 1977) (state standard). In Boykin, the United States Supreme Court held that before a trial judge can accept a guilty plea, there must be an affirmative showing that it was given intelligently and voluntarily. Id. at 242, 89 S. Ct. at 1711. In order to find that the plea was entered "intelligently" or "voluntarily," the court must "canvass[ ] the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences." Id. at 244, 89 S. Ct. at 1712 (emphasis added).

> Likewise, in Mackey, this Court held that "the record of acceptance of a defendant's plea of guilty must affirmatively demonstrate that his decision was both voluntary and knowledgeable, i.e., that he has been made aware of the significant consequences of such a plea . . . ." 553 S.W.2d at 340.

State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999).

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2003). In Boykin, the Supreme Court held that the constitution requires that the accused individual's right against self-incrimination, right to confront one's accusers, and the right to a trial by jury be intentionally relinquished. Boykin, 395 U.S. at 243. However, any advice beyond that required by Boykin and not tied to a constitutional right is not cognizable in a petition for post-conviction relief but is properly addressed on direct appeal. State v. Prince, 781 S.W.2d 846, 853 (Tenn. 1989).

In the present case, the petitioner bases his claim of an unknowing and involuntary plea on trial counsel's failure to fully explain the effect of his three-year sentence on his eligibility for rehabilitative programs and less restrictive measures of confinement during his federal sentence. However, the petitioner's claimed omission pertains to a collateral consequence of the plea that falls outside the requirements of Boykin; therefore, we conclude that it is not a proper subject for post-conviction relief. Moreover, the record reflects that the petitioner was advised of and intentionally waived his right against self-incrimination, the right to confront one's accusers, and the right to a trial by jury. Therefore, we conclude that his plea was knowingly and voluntarily entered and that he is not entitled to relief on this issue.

Conclusion

The denial of post-conviction relief is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE