# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER SESSION, 1997

| | | |
|---|---|---|
| **PAUL GLIDEWELL,** | ) | **C.C.A. NO. 02C01-9612-CC-00458** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **CROCKETT COUNTY** |
| **VS.** | ) | |
| | ) | **HON. DICK JERMAN, JR.** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CIRCUIT COURT OF CROCKETT COUNTY

| | |
|---|---|
| FOR THE APPELLANT: | FOR THE APPELLEE: |
| | |
| S. JASPER TAYLOR IV | JOHN KNOX WALKUP |
| 94 East Main Street | Attorney General and Reporter |
| P.O. Box 729 | |
| Bells, TN 38006 | CLINTON J. MORGAN |
| | Assistant Attorney General |
| | 425 5th Avenue North |
| | Nashville, TN 37243 |
| | |
| | CLAYBURN PEEPLES |
| | District Attorney General |
| | 110 College Street, Suite 200 |
| | Trenton, TN 38382 |

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Petitioner appeals the trial court's denial of his petition for post-conviction relief. He was convicted of one count of aggravated rape by a guilty plea on December 10, 1993.[1] He was sentenced as a Range I, standard offender to the minimum sentence of fifteen (15) years in the Department of Correction. The Petitioner appeals with two issues: that counsel rendered ineffective assistance and that he did not voluntarily enter his guilty plea. We affirm the judgment of the trial court.

The Petitioner was indicted on one count of aggravated rape and one count of aggravated sexual battery. Attorney Bill Barron was retained to represent him. The Petitioner was scheduled for trial on December 10, 1993. After the jury had been empaneled, the Petitioner chose not to proceed with the trial and entered a guilty plea to one count of aggravated rape. Pursuant to an agreement with the district attorney, the Petitioner was sentenced to the minimum of fifteen years as a standard, Range I offender with an initial release eligibility after thirty-percent (30%) of the time served, or approximately five (5) years.

The Petitioner filed a pro se petition for post-conviction relief on April 3, 1995, alleging the ineffective assistance of counsel resulting in an involuntary

---

[1] The Petitioner was convicted under the former law of aggravated rape based on the victim being under the age of thirteen (13) in Tennessee Code Annotated section 39-13-502(a)(4). This subsection was later deleted and replaced by the separate offense of rape of a child. Tenn. Code Ann § 39-13-522 (Supp. 1996).

guilty plea. The Petitioner was represented by counsel throughout the remainder of the post-conviction proceedings. An evidentiary hearing on the post-conviction petition was held on June 3, 1996, and the trial court denied relief in an order dated July 17, 1996. It is from this order that the Petitioner appeals.

In his first issue in this appeal, the Petitioner alleges that counsel provided ineffective assistance. In determining whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To succeed on a claim that his counsel was ineffective at trial, a petitioner bears the burden of showing that his counsel made errors so serious that he was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the petitioner resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 687, reh'g denied, 467 U.S. 1267 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To satisfy the second prong the petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

When reviewing trial counsel's actions, this court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be

judged at the time they were made in light of all facts and circumstances. Strickland, 466 U.S. at 690; see Cooper 849 S.W.2d at 746.

This two part standard of measuring ineffective assistance of counsel also applies to claims arising out of the plea process. Hill v. Lockhart, 474 U.S. 52 (1985). The prejudice requirement is modified so that the petitioner "must show that there is a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

At the post-conviction hearing, the Petitioner testified that counsel Bill Barron never subpoenaed witnesses, including the Petitioner's therapist. The Petitioner also testified that he pleaded guilty because counsel told him he would never win the case and that he would receive a thirty-five (35) year sentence if he went to trial compared to the fifteen (15) years offered by the State. The Petitioner testified that counsel did not interview witnesses. He also claimed that counsel told him he would serve only twenty-four (24) to thirty-six (36) months before he was eligible for parole and that he did not understand the release percentages. He testified that he has some intellectual impairment that makes it difficult to understand the proceedings. He also contended that he was not told about the elements of the crimes. The Petitioner finally claimed he was not informed of his right against self-incrimination. On cross-examination, the Petitioner claimed he made a coerced confession and that any admissions were untrue. He maintained that counsel failed to meet with his family and check out his background. He stated that he met two or three times with counsel.

The Petitioner's mother also testified. She stated that counsel informed the Petitioner he would serve thirty percent (30%) of his sentence, or two (2) to three (3) years. She also testified that she remembered the trial court's instructing the Petitioner that he would have to serve thirty percent, but that there was no guarantee. The victim, a young child, testified that while appearing at the preliminary hearing, she was unable to testify to any facts surrounding the offense. The victim's mother testified that she was never contacted by counsel.

Trial counsel Bill Barron testified at the post-conviction hearing. He began representation at the time of the preliminary hearing, but the case was dismissed. An indictment was later issued. Counsel filed a motion to suppress the statement made by the Petitioner, which was denied after a hearing. Counsel met with the Petitioner on several occasions in person and on the phone. The Petitioner's mother came at least two times. The Petitioner told counsel that the victim would not testify because he still had a relationship with the victim's mother. However, when the victim's mother was later indicted, the probability that the victim would testify increased.

Counsel noted that the Petitioner's confession was ruled admissible. Counsel also followed recent case law and informed the Petitioner about potential consecutive sentences and his chances of prevailing at trial. Counsel testified that he had all the witnesses he knew about at the trial and there were very few for the case. The primary witnesses were the victim and her mother. Counsel stated that he was cautious not to subpoena persons whose testimony would not be pertinent to the case. Counsel did not perceive the Petitioner as having low intelligence and he explained the charges and the elements of the crimes to the

Petitioner. The Petitioner appeared to be involved in and to understand their discussions. Counsel filed a Rule 16 discovery letter, contacted the Department of Human Services, and obtained the medical report of the victim. He talked with the victim's mother on several occasions.

Counsel testified that he discussed in detail the waiver of rights form at the time the Petitioner entered his guilty plea. He informed the Petitioner about the thirty-percent release of approximately five years. He did not know why the Petitioner was under the impression he would be released in two or three years.

The Petitioner also asserts that he did not enter a voluntary and intelligent guilty plea. In Boykin v. Alabama, 395 U.S. 238 (1969), the United States Supreme Court held that the record must show that a guilty plea was made voluntarily, understandingly and knowingly. In Boykin, the Court held that an entry of a guilty plea effectively constituted a waiver of the constitutional right against compulsory self-incrimination, the right to confront one's accusers, and the right to trial by jury. Id. at 243. If a guilty plea is not voluntary and knowing, it has been entered in violation of due process and is, therefore, invalid.

A voluntary plea cannot be found from a silent record. Boykin, 395 U.S. at 242. Pursuant to its supervisory power, our supreme court has imposed more stringent standards for trial courts to employ when advising defendants during guilty pleas to provide an adequate record that will insure constitutional compliance. State v. Mackey, 553 S.W.2d 337 (Tenn.1977). However, post-conviction relief may be granted only if a conviction or sentence is void or voidable because of a violation of a constitutional right. Tenn. Code Ann. §

40-30-105 (repealed 1995). As was pointed out in State v. Neal, 810 S.W.2d 131 (Tenn. 1991), violation of the advice litany required by either Mackey or Tennessee Rule of Criminal Procedure 11 which is not linked to a specified constitutional right is not cognizable in a suit for post-conviction relief. See State v. Prince, 781 S.W.2d 846 (Tenn.1989). Moreover, it is the result, not the process, that is essential to a valid plea. Johnson v. State, 834 S.W.2d 922, 923-24 (Tenn. 1992). The critical inquiry is whether the Petitioner had knowledge of certain rights and waived those rights knowingly and voluntarily, not whether the trial court was the source of that knowledge.

The transcript of the guilty plea hearing reveals that the Petitioner was amply informed of the constitutional rights he was waiving. He was informed that his release date of thirty percent would be dependent upon the Board of Paroles. The Petitioner denied that he was threatened or promised anything regarding his guilty plea. There is no evidence that the Petitioner failed to understand the consequences of his guilty plea. He states he was coerced and that he had the impression he would be released sooner than was actually possible. Yet, counsel refuted this contention and testified that he properly informed the Petitioner about a thirty-percent release eligibility date. Furthermore, counsel testified that he discussed in detail the charges against the Petitioner and the consequences of entering a plea of guilty.

In a post-conviction proceeding under the Act applicable to this case, the petitioner must prove the allegations in the petition by a preponderance of the evidence. Davis v. State, 912 S.W.2d 689 (Tenn. 1995); Adkins v. State, 911 S.W.2d 334, 341 (Tenn. Crim. App. 1994). In reviewing post-conviction

proceedings, "the factual findings of the trial court are conclusive unless the evidence preponderates against such findings." Cooper v. State, 849 S.W.2d 744, 746 (Tenn.1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn.1990). The trial court concluded that counsel more than adequately functioned as counsel for the Petitioner. Correspondingly, the trial court found the guilty plea to have been voluntarily entered. We agree. The record reveals no significant errors in counsel's representation. Nor is there evidence that counsel's actions rendered the Petitioner's guilty plea involuntary. The trial court specifically accredited the testimony of counsel Bill Barron and found that of the Petitioner lacked credibility.

Thus, the Petitioner failed at the post-conviction hearing to meet his burden to prove the allegations contained in his petition. Moreover, we cannot conclude from the record before us that the evidence preponderates against the findings of the trial court. Therefore, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JOE B. JONES, PRESIDING JUDGE

_____
JOE G. RILEY, JUDGE